DANIEL W. LYNCH, Respondent, *v.* JOSEPHINE E. JONES and Others, Appellants.

Fourth Department, October 10, 1917.

**Real property — equity — suit to set aside transfer alleged to have been made in fraud of creditors — evidence — when action not brought in good faith.**

Where in a suit to set aside transfers of property upon the ground that they were made to hinder and delay creditors, it appears that the action is not brought in good faith, that the alleged fraudulent grantor is the real party in interest seeking to set aside the transfers made to his wife and children and devoted by them to the payment of his creditors, he now being estranged from them, and that the transfer in no way injured the interests of his creditors, the complaint should be dismissed.

A court of equity will not permit such a grantor to recover property which he admits he conveyed with fraudulent intent.

APPEAL by the defendants, Josephine E. Jones and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Yates on the 30th day of August, 1916, upon the decision of the court after a trial at the Yates Equity Term.

The judgment decrees that certain transfers of property made by the defendant Herbert A. Jones to the defendants Josephine E. Jones, Margaret Jones (now Stevenson) and John Nelson Jones, were and are fraudulent and void as to the creditors of said Herbert A. Jones.

*M. A. Leary* [*Fred A. Robbins* of counsel], for the appellants Josephine E. Jones and others.

*Ditmars & Teter* [*W. Smith O'Brien* of counsel], for the respondent.

*James O. Sebring*, for the defendant Herbert A. Jones.

MERRELL, J.:

We do not think this action is brought in good faith. The circumstances as fairly revealed by the record convince us that the defendant Herbert A. Jones, the alleged fraudulent grantor, is the real party in interest, now seeking through Lynch, the nominal plaintiff, to set aside his, Jones', transfer

of his property because in legal effect it operated to hinder and delay his creditors. It has not been shown to our satisfaction that Lynch, the pretended assignee of the judgment, has the slightest interest in the outcome of this litigation, but, on the contrary, seems a mere cover through whom Jones is operating. We are convinced from the evidence that Jones procured the assignment of the judgment with the design of using it as an instrument to ultimately recover to himself property which it is now charged he transferred to his wife and children in violence to the right of creditors. In our opinion there never was any effective assignment of the judgment to Smith. Smith was jointly and severally liable with Jones upon the note to the Geneva National Bank, which formed the basis of the judgment. In the absence of evidence to the contrary, payment of the judgment by Smith, one of the joint and several makers, presumptively satisfied the judgment and the attempt to keep it alive by its assignment to Smith, jointly and severally liable upon the note upon which it was founded, was futile. At most, Smith could look to Jones for contribution to reimburse him for discharging their joint liability. (*Coonley* v. *Wood*, 36 Hun, 559, 561; *American Guild* v. *Damon*, 186 N. Y. 360, 365.)

Nor are we convinced that the transfer of the property now sought to be set aside militated in any way against the rights of Jones' creditors. The evidence would seem to indicate quite the contrary. The defendant Josephine E. Jones, the wife of the alleged fraudulent grantor to whom, with the two children, the conveyance was made, at first refused to receive the property and only upon the insistence of Jones and his uncle who was aiding him financially that they should take the property and pay his obligations, did they finally consent to receive it. Pursuant to the terms of the transfer, the grantees in good faith proceeded to satisfy the grantor's debts and with the exception of the note afterwards merged in said judgment, discharged all thereof. Thus, it would seem that the property was received, not for the purpose of hindering and delaying creditors, but to aid them, and was faithfully devoted to such purpose. Jones, now estranged from his wife and children, seeks through devious ways to reinvest himself with the property now alleged to

have been transferred with evil intent. His efforts are quite transparent and are in nowise beclouded by his plea of guilty to the impeachment against him. Jones comes into a court of equity with unclean hands and should not succeed in his effort to recover the property which he now admits he conveyed with fraudulent intent. (*Simis* v. *Simis*, 146 App. Div. 655.)

We think the findings of the learned trial court at Equity Term, inconsistent with our views as above expressed, were against the weight of the evidence and should be disapproved and that in their place new findings should be made denying plaintiff the relief sought and awarding title in the property in question to Mrs. Jones and the two children and that the judgment appealed from should be reversed, with costs, and plaintiff's complaint dismissed, with costs.

All concurred.

Judgment reversed upon the law and facts, with costs, and complaint dismissed, with costs. Order to be settled before Mr. Justice MERRELL on two days' notice at which time findings to be disapproved and proposed new findings may be submitted.