Leon Pierce, Respondent, *v.* Treivale Pierce, 307 Southern Boulevard Corp., Teel Corp., Chestee Corp., Willede Company, Inc., Dynasty Trucking Corp. and Redor Co., Inc., Appellants.

Second Department, March 11, 1938.

 

*Harris Jay Griston*, for the appellants.

*Sidney S. Bobbé*, for the respondent.

PER CURIAM. The suit is to establish the relationship of the plaintiff and the individual defendant, as engaged in transactions in the nature of joint adventures, for the return to the plaintiff of his share in certain property alleged to have been transferred by him to that defendant through the fraud, misrepresentation and breach of fiduciary duty by the latter; and for an accounting. There were ten separate causes of action, and the defendants interposed numerous defenses and a counterclaim. This appeal represents a controversy between the plaintiff and the individual defendant. Hereinafter we will speak of the latter as though he were the sole defendant.

It was the plaintiff's claim that, though not possessed of a formal education, he was a practical engineer, specializing in foundation work. He was also an inventor. Corporations were organized to carry on construction work, and into them he took the defendant, his stepson, and gave him an equal share. The latter was trained in bookkeeping and commercial work; and to him the plaintiff intrusted the office and financial management, together with the keeping of books of account. To all this the plaintiff gave no attention, but signed all necessary papers and documents as defendant requested and directed, whether in blank or otherwise.

After the principal construction corporation had taken a contract for the construction of a section of the Manhattan express highway, all the stock was sold and the proceeds thereof distributed to the shareholders. It is plaintiff's claim that the shares of stock were so manipulated by the defendant that, instead of receiving an equal share with him, the plaintiff received only a much smaller part of those proceeds. Other corporations were organized to hold title to property; and it was agreed that the stock should be held in equal shares, except in the Redor Co., Inc., which plaintiff organized to hold property belonging solely to himself. All these corporations the defendant managed exclusively on the same basis as the construction corporation. There were two insurance policies on plaintiff's life, and they had been assigned to defendant and were involved in the controversy.

Eventually plaintiff learned that he had been stripped of all his property and that the defendant owned everything. The defendant denied all fraud and overreaching, and presented, on the trial, assignments, receipts, vouchers and a general release. In some respects the story defendant told, of payments made in large sums of cash for plaintiff's share of the property, was highly improbable and incredible.

There were presented questions of fact on disputed evidence, and the findings of the trial justice, who saw and heard the witnesses, sustained the plaintiff's version. The judgment declared the principal transactions fraudulent and void, and directed that the defendant retransfer the shares and property found to belong to the plaintiff. An accounting was directed as to receipts and income. On such accounting, questions will of course survive as to payments made by defendant for taxes, expenses and the like.

In respect to the life insurance policies, the judgment merely declares the assignment void and directs reassignment. The question as to the legal rights of the insured, the trustee and the beneficiaries is not before the court. The question as to payment of premiums and loans will be the subject of the accounting.

As to two causes of action, we think that the learned trial court was in error as a matter of law. The stock of the Redor Co., Inc. (seventh cause of action), and the so-called Leary mortgage (ninth cause of action) were transferred by plaintiff to defendant for the admitted purpose of defeating a deficiency judgment in an existing or impending action for foreclosure of a mortgage made by plaintiff, and for which debt he was liable on the bond. He was successful in this respect, for in spite of the efforts of the creditor to collect the deficiency judgment, the plaintiff eventually paid only a nominal sum.

Assuming that the defendant was a party to the fraud, the parties were *in pari delicto*, and the plaintiff, being also a wrongdoer, cannot enforce in equity the alleged promise of the defendant to reconvey this property. (2 Moore Fraudulent Conveyances, p. 630 *et seq.;* 12 R. C. L. pp. 610–612; *Simis* v. *Simis*, 146 App. Div. 655; *Lynch* v. *Jones*, 179 id. 613; appeal dismissed, 228 N. Y. 514; *Dressel* v. *Hanser*, 101 Misc. 574.)

As to these issues the judgment should be modified by striking out the seventh and eighth ordering paragraphs (fols. 429a, 428b) and the eleventh ordering paragraph (fol. 428c), and, as so modified, the judgment should be affirmed, without costs.

Findings of fact Nos. 82, 84, 89 and 95 should be reversed, and finding No. 122 modified by adding at the end thereof: " except as to the transactions in respect to the Redor Co. stock and the Leary

mortgage." Conclusions of law Nos. 4 and 7 should be disapproved and the following inserted in lieu thereof: " That plaintiff transferred the Redor Co. stock and his interest in the Leary mortgage to defendant Treivale Pierce with the purpose to hinder, delay and impair the remedy of the mortgagee, Annie Bradspis, in respect to a deficiency judgment that might be granted in her foreclosure action." Conclusion of law No. 10 should be modified by striking from the main paragraph the words " and Redor Co., Inc." and also the subdivisions of the direction for judgment designated " h " and " k."

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and CLOSE, JJ.

Judgment modified by striking out the seventh and eighth ordering paragraphs (fols. 429a–428b) and the eleventh ordering paragraph (fol. 428c), and as so modified unanimously affirmed, without costs. Findings of fact Nos. 82, 84, 89 and 95 are reversed, and finding No. 122 is modified by adding at the end thereof, " except as to the transactions in respect to the Redor Co. stock and the Leary mortgage." Conclusions of law Nos. 4 and 7 are disapproved, and the following is inserted in lieu thereof: " That plaintiff transferred the Redor Co. stock and his interest in the Leary mortgage to defendant Treivale Pierce with the purpose to hinder, delay and impair the remedy of the mortgagee, Annie Bradspis, in respect to a deficiency judgment that might be granted in her foreclosure action." Conclusion of law No. 10 is modified by striking from the main paragraph the words " and Redor Co., Inc." and also the subdivisions of the direction for judgment designated " h" and " k."