JOHN PITROWSKI, Appellant, v. HETZLER FOUNDRIES, INC., Respondent.— Judgment and order affirmed, with costs, on the ground that the complaint does not state facts sufficient to constitute a cause of action. All concur, except Harris, J., who dissents and votes for reversal and denial of the motion on the ground that the complaint read in the light of the affidavits presented on the motion may be construed as alleging a cause of action. (*Mnich* v. *American Radiator Company*, 263 App. Div. 573.) (The judgment dismisses plaintiff's complaint on motion of the defendant in a silicosis action. The order is the order of dismissal.) Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

PAULINE SOBUS BANGIER, Appellant, v. STANLEY SOBUS, Respondent.— Judgment affirmed, with costs. All concur. (The judgment dismisses the complaint on the merits in an action to recover money alleged to have been expended by plaintiff for the support of the child of the parties.) Present — Crosby, P. J., Cunningham, Taylor and McCurn, JJ.

HARRY RYBARCZYK, Respondent, v. LOTTIE WEIS, Appellant, and LEO PENKALSKI and ANTONINA PENKALSKI, Defendants.— Judgment affirmed, without costs of this appeal to either party. ·All concur, except Crosby, P. J., who dissents and votes for reversal on the law and facts and for granting a new trial in the following memorandum: The referee improperly rejected the offer of evidence that the transfer which is sought to be set aside was made for the purpose of defrauding creditors. The referee's theory seems to have been that, since the creditors were not asserting the fraudulent character of the transfer, the defendant could not assert it as a defense to this action. This theory is incorrect. (*Pierce* v. *Pierce*, 253 App. Div. 445; *Simis* v. *Simis*, 146 id. 655.) The third paragraph of the complaint supports the conclusion that plaintiff's transfer was made for a fraudulent purpose. (The judgment declares null and void the deed by plaintiff conveying realty to defendant Weis.) Present — Crosby, P. J., Cunningham, Taylor, Harris and McCurn, JJ.

FREDA ABBOTT, Individually and as Administratrix, etc., of SAMUEL ABBOTT, Deceased, Appellant, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Respondent.— Order affirmed, without costs of this appeal to either party. All concur. (The order dismisses plaintiff's complaint and denies plaintiff's cross-motion to dismiss the defenses set up in defendant's answer.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LARRY HIRSCH, Also Known as LAWRENCE CHARLES HIRSCH, Appellant, v. WILLIAM HUNT, Warden of Attica State Prison, Attica, New York, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

CHARLES WARNEY, Respondent, v. BOARD OF EDUCATION OF SCHOOL DISTRICT No. 5 OF THE TOWN OF IRONDEQUOIT and JOSEPHINE GLAWE, Appellants, and Others, Defendants.— Motion for reargument denied, with ten dollars costs. Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.

VIRGINIA WARNEY, an Infant, by CHARLES WARNEY, Her Guardian ad Litem, Respondent, v. BOARD OF EDUCATION OF SCHOOL DISTRICT No. 5 OF THE TOWN OF IRONDEQUOIT and JOSEPHINE GLAWE, Appellants, and Others, Defendants.— Motion for reargument denied. Present — Crosby, P. J., Cunningham, Dowling, Harris and McCurn, JJ.