Mary McGlinchey, Plaintiff, *v.* Anna McGlinchey, Defendant.

Supreme Court, Special Term, Queens County, October 13, 1942.

*Julius P. Fischler* for plaintiff.

*C. Gordon Lamude* for defendant.

Hallinan, J. In an action brought to declare the plaintiff to be the owner of certain shares of stock and directing the defendant to retransfer them to her and to account for all earnings and dividends therefrom, the defendant moves to dismiss the amended complaint upon the ground that upon the face thereof the same does not state facts sufficient to constitute a cause of action.

It appears upon the face of the amended complaint that the plaintiff was the owner of certain shares of stock which were pledged with a certain bank as security for a loan; that plaintiff's husband, while operating an automobile registered in her name, became involved in an accident, as a result of which she was threatened with a law suit demanding damages; that in great fear and distress because of the threatened law suit and " the possible loss of the said shares of stock that might result," the plaintiff consulted the defendant herein, with whom she had a close relationship, as a result of which they agreed that " in order to protect the said asset * * *" the defendant would pay the loan to the bank so that the shares of stock would be released and the stock thereupon transferred to the defendant's

name, " with the express understanding, however, that the true ownership remain in the plaintiff, and that the said stock be held as collateral only for the purpose of securing the loan * * *." The terms of this agreement were carried out, but the defendant has refused to return the shares of stock and to account for the dividends therefrom, asserting that she is the absolute owner thereof.

It thus appears from the plaintiff's own mouth, as frankly set forth in her verified amended complaint, that she transferred the shares of stock to the defendant without consideration, without fraudulently being induced to do so, and for the express purpose of protecting the same from the claim of a third person for damages resulting from an accident in which an automobile registered in her name was involved. Clearly the plaintiff intended to hinder and delay, if not to defraud, such person, that is, to make herself " judgment proof." She is in no position to invoke the aid of this court of equity in securing the return of the stock thus transferred. It is ancient learning that " No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act. If from the plaintiff's own stating or otherwise, the cause of action appears to arise *ex turpi causa,* or the transgression of a positive law of this country, there the court says he has no right to be assisted. It is upon that ground the court goes; not for the sake of the defendant, but because they will not lend their aid to such a plaintiff." (Lord Mansfield in *Holman* v. *Johnson,* 1 Cowp. 341, 343.)

The latest expression of this principle is found in *Pierce* v. *Pierce* (253 App. Div. 445; affd., 280 N. Y. 562) where the Appellate Division of this Department refused to direct the return to the plaintiff of certain securities which were transferred for the admitted purpose of defeating a deficiency judgment in an existing or impending action for the foreclosure of a mortgage made by the plaintiff and for which debt he was liable on the bond.

Under the circumstances presented here, the defendant acquired a good title against the fraudulent transferor, except as to the latter's creditors entitled to said property. (*Bostwick* v. *Menck,* 40 N. Y. 383.)

The motion is accordingly granted.