Louis Greenbaum, Plaintiff, *v.* Sarah Greenbaum, Defendant.

Supreme Court, Special Term, New York County, December 17, 1946.

*Samuel Tullman* for plaintiff.

*Charles Howard Levitt* for defendant.

PECORA, J. Plaintiff sues to recover possession of certain United States bonds and moneys which he claims to have turned over to defendant and which she agreed to hold for him. In the first defense pleaded defendant alleges that any property which plaintiff may have turned over to her was placed in her possession for the purpose of defrauding plaintiff's partner and to prevent any recovery by such partner in a threatened action. The second defense alleges that the property was given defendant in order to defeat a prosecution which plaintiff feared the Federal and State Governments would institute against him by reason of his alleged filing of fraudulent tax returns. The sufficiency of these defenses is challenged by this motion to dismiss under rule 109 of the Rules of Civil Practice.

Where one transfers property to another for the purpose of protecting it from the claim of a third person, the intent to defraud such third person places the transferor in a position of a wrongdoer. '' No court will lend its aid to a man who founds his cause of action upon an immoral or an illegal act.'' (Lord MANSFIELD in *Holman* v. *Johnson,* 1 Cowp. 341, 343.) While the courts have no kind feeling for a defendant, who presents a defense such as pleaded here, the fact that both may be wrongdoers requires adherence to the policy of the law that since the parties are *in pari delicto,* the law will leave them where it finds them. (*Pierce* v. *Pierce,* 253 App. Div. 445, affd. 280 N. Y. 562; *McGlinchey* v. *McGlinchey,* 179 Misc. 160; *Dressel* v. *Hanser,* 101 Misc. 574.) The motion to dismiss is, therefore, denied.