■ JOSEPH LEVY, Respondent, v. ROSE BRAVERMAN, Appellant.— Judgment entered, December 18, 1964, in favor of plaintiff after trial before a court without a jury, unanimously reversed, on the law, with $50 costs to defendant-appellant, and the complaint dismissed. Plaintiff has obtained a judgment declaring that he is the true and beneficial owner of all the stock of R. B. Luncheonette, Inc., which had been issued and was outstanding in the name of defendant, Rose Braverman. We have not reached the question as to whether the findings of the Trial Justice that plaintiff is the true and beneficial owner of the stock are supported by the weight of the credible evidence. The Trial Justice, however, properly found that the purpose of issuing the stock in the name of defendant, Rose Braverman, was to prevent plaintiff's creditors, and particularly plaintiff's former wife — who had a judgment of $10,000 against him — from collecting on their claims. It is well established that our courts will not grant relief to one who comes into equity with unclean hands (*Pattison* v. *Pattison*, 301 N. Y. 65) and that a person who has transferred property to hinder or defraud his creditors will be precluded from obtaining a reconveyance of that property. (2 Pomeroy, Equity Jurisprudence [5th ed.], § 401a, p. 108; 24 N. Y. Jur., Fraudulent Conveyances, § 92; cf. *Seagirt Realty Corp.* v. *Chazanof*, 13 N Y 2d 282.) In similar situations, as that presented in the instant case, relief has been denied, as a matter of law, on the basis of the "unclean hands" doctrine. (See *Haug* v. *Haug*, 283 App. Div. 1107; *Sorrentino* v. *Sorrentino*, 75 N. Y. S. 2d 813, affd. 272 App. Div. 1067; *Pierce* v. *Pierce*, 253 App. Div. 445, affd. 280 N. Y. 562; *McGlinchey* v. *McGlinchey*, 179 Misc. 160.) The Trial Justice was in error in holding that plaintiff's purpose in hindering and defrauding his creditors was a matter solely between plaintiff and his creditors and did not in any way affect the rights between the parties herein. Such an argument was specifically rejected in *Simis* v. *Simis* (146 App. Div. 655, 660). The doctrine of "clean hands" is a fundamental principle of equity as well as of public policy. Where a litigant has himself been guilty of inequitable conduct with reference to the subject matter of the transaction in suit, a court of equity will refuse him affirmative aid. Therefore, as a matter of law, plaintiff should have been denied relief in this case and his complaint should have been dismissed. Concur — Botein, P. J., Valente, McNally, Stevens and Steuer, JJ.