Bentley Kassal, J.
This is a motion for summary judgment in an action brought by an ex-wife against her former husband to recover the sum of $1,200 representing alimony payments due her pursuant to the provisions of paragraph 3A of the parties’ separation agreement. Said alimony provisions require the payment of $300 per month if the husband’s income exceeds a certain sum and the total claimed by the wife is $1,200 in pursuance thereof.
The husband does not contest this issue in his opposing affidavit but does assert a counterclaim in the answer and in the opposing affidavit. The counterclaim is for “ $1000.00 for contribution to income tax assessment against plaintiff and defendant, which assessment was paid by the defendant.” The defendant’s affidavit alleges that for the three years of 1964,1965 and 1966 the plaintiff, while she was still living with defendant *756 as Ms wife, was “ gainfully employed.” The parties filed joint income tax returns for those years. It is also alleged that after the separation agreement, involuntary income tax assessments were made by the United States Internal Revenue Service and the Income Tax Bureau of the State of New York.
The total Internal Revenue Service assessment for the years 1964 and 1965 was $761.29. The New York State assessment for the tax years 1965 and 1966 amounts to $1,295.51. In all, the total of all such tax assessments, as herein claimed, for 1964, 1965 and 1966 was $2,056.80. The notices of both tax assessments were addressed to “Marvin S. & Marilynn P. Miller ” for the Internal Revenue Service assessment and to “ Marvin S. Miller and Marilynn Miller, his wife ” for the New York State assessment.
The defendant also asserts that plaintiff had notice of such assessments, that he advised her thereof and had several discussions of same with her. This is not contested.
The plaintiff contends, in essence, that there is no merit to the counterclaim in that it was the husband’s “ duty to support his wife ” in that he was the wage earner. She also claims that the obligation to pay the income taxes was primarily the husband’s. Another contention advanced by plaintiff is that taxes are “necessaries” and having paid for these “necessaries,” he cannot claim contribution from the wife for one half thereof.
I agree with the plaintiff that there is no defense to the motion for summary judgment for $1,200, but I disagree in regard to the above contentions regarding the item of involuntary tax assessments being the sole responsibility of the husband. In my opinion, the salient factors are that since the separation agreement, dated July 26, 1967 is silent on the question of taxes, either past or current, it was not within the then contemplation or discussions of the parties as were the other usual features of such agreement, namely, support, division of property, life insurance, etc.
In regard to the plaintiff’s position that taxes are necessaries and, therefore, the husband’s responsibility, there are no legal authorities cited for the instant situation covering such proposition and the court does not agree with such contention.
Furthermore, paragraph 4 of the said agreement covering the usual and absolute . representation and warranty of no unpaid bills of indebtedness of the wife stated there are none ‘ ‘ for which the husband could be held liable. ’ ’ Apparently, under the circumstances herein, there were such items of indebtedness, namely, tax assessments, whether or not she had knowledge of the same. On that basis, therefore, since income tax *757 liability is both joint and several, either party could have been held liable thereon. Therefore, I conclude that the plaintiff should be required to make a contribution in connection therewith, particularly since she had taxable income those years which contributed to the tax liability.
The reasoning and equity behind such conclusion is even more cogent when considered in the light of what would have been the legal situation in regard to the wife's right of contribution if she, in the first instance, had been the party against whom the tax authorities had made such deficiency tax assessments.
The general rule is that one compelled to pay or satisfy the whole or bear more than his just share of a common burden or obligation upon which several persons are equally liable, or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares. (Asylum of St. Vincent de Paul v. McGuire, 239 N. Y. 375; Lynch v. Jones, 179 App. Div. 613.)
This right of contribution is not founded upon contract, joint action or original relationship of the parties. (McFall v. Compagnie Mar. Belge, 304 N. Y. 314.)
It is based on principles of fundamental justice and equity, which require that those who voluntarily assume a common burden shall bear it in equal proportion and one party shall not be subject to bear more than his just share to the advantage of his co-obligors. (10 N. Y. Jur., Contribution, 462.)
In order to anticipate one further possible question, namely, the usual “ mutual general release " provision set forth in paragraph 7 of the agreement, it is obvious that the same cannot release potential obligations not then in being or within the knowledge or reasonable contemplation of the parties in spite of the employment of this customary language 1 ‘ which either of them had, now has or may hereafter have against the other ’ ’. This is especially significant since both parties were apparently represented by counsel upon the execution of such agreement and this issue of taxes was never covered by the agreement, either directly or indirectly.
However, in order to fairly apportion such additional tax assessment as between the parties hereto, I direct that there be a hearing by way of an assessment on the said counterclaim whereby the court will, in addition to other relevant facts, ascertain the respective taxable income of the parties for each of the respective tax years in question and allocate the additional income tax liability based upon the prorata percentage of contribution of each party to such total taxable income and make a proration of such assessment as between the parties.
*758 The above assessment shall take place on the third day of March, 1970 and a copy of this order shall be served upon the Calendar Clerk without undue delay.
Since the plaintiff’s uncontested claim for which I have granted summary judgment is $1,200 and the maximum for which she may be responsible hereunder, as set forth in the counterclaim, is $1,000, I direct the judgment shall be entered herein for the plaintiff in the amount of such net sums due her hereunder on the basis of the above formula, but the entry of such judgment shall be stayed until after the findings at the scheduled assessment hearing.