21st Century Fuel, LLC v 1945 Bartow Ave. Corp. (2019 NY Slip Op 07542)





21st Century Fuel, LLC v 1945 Bartow Ave. Corp.


2019 NY Slip Op 07542


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Renwick, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10159 24443/17E

[*1] 21st Century Fuel, LLC, Plaintiff-Appellant,
v
1945 Bartow Ave. Corp., et al., Defendants-Respondents.


Nicholas J. Damadeo, P.C., Huntington (Nicholas J. Damadeo of counsel), for appellant.
Sperber Denenberg & Kahan, P.C., New York (Jacqueline Handel-Harbour of counsel), for respondents.



Order, Supreme County, Bronx County (Alison Y. Tuitt, J.), entered March 12, 2019, which denied plaintiff's motion for summary judgment, unanimously affirmed, with costs.
Summary judgment was properly denied in this action for specific performance of an option to purchase premises under a commercial lease. We are unable to determine at this point in the litigation whether the 1994 or the 2009 lease controls the parties' relationship. The contradictory nature of the agreements at issue, as well as evidence that plaintiff had forged another agreement purportedly signed by defendants and defendants' statement that the signature of its principal on certain of the agreements was a forgery, sufficiently raised an issue of fact (cf. Zuckerman v City of New York , 49 NY2d 557, 562-563 [1980]).
Defendants' averments and submissions that plaintiff had forged the documents in connection with a scheme to deceive Sunoco into paying a fuel credit and also to avoid paying a share of that credit to defendants were sufficiently related to the litigation to raise a triable issue on the defense of unclean hands (see Levy v Braverman , 24 AD2d 430 [1st Dept 1965]). Furthermore, a triable issue exists with respect to whether plaintiff's subletting of the premises constituted a material breach of the alleged lease.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK