J.T. Magen & Co. Inc. v Nissan N. Am., Inc. (2024 NY Slip Op 00228)

J.T. Magen & Co. Inc. v Nissan N. Am., Inc.

2024 NY Slip Op 00228

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Oing, J.P., Kennedy, Mendez, Pitt-Burke, Michael, JJ. 

Index No. 160497/17 Appeal No. 1451 Case No. 2023-00124 

[*1]J.T. Magen & Company Inc., Plaintiff-Appellant,
v
Nissan North America, Inc., et al., Defendants-Respondents, Gary Flom, et al., Defendant.

Morrison Cohen LLP, New York (Y. David Scharf of counsel), for appellant.
Seyfarth Shaw LLP, New York (Elizabeth D. Schrero of counsel), and Seyfarth Shaw LLP, Boston MA, (John R. Skelton of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for Nissan North America, Inc. and Philadelphia Indemnity Insurance Company, respondents.
Kasowitz Benson Torres LLP, New York (Joshua E. Hollander of counsel), for Georgetown Eleventh Avenue Owners, LLC, respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered December 8, 2022, which granted, in part, the motions of defendants Nissan North America, Inc., Philadelphia Indemnity Insurance Company (PIIC), and Georgetown Eleventh Avenue Owners, LLC to the extent of granting summary judgment dismissing plaintiff's complaint in its entirety and declaring the mechanic's lien void; granting summary judgment on liability in favor of Nissan and Georgetown on their first and fourth counterclaims, respectively, and in favor of PIIC on its tenth affirmative defense (willful exaggeration of the lien under Lien Law § 39); granting summary judgment in favor of Nissan and PIIC on their fourth and eleventh affirmative defenses (unclean hands and equitable estoppel); and granting summary judgment in favor of Georgetown as to liability on its first counterclaim (fraud), unanimously affirmed, with costs.
Supreme Court correctly found that the record warrants application of unclean hands, equitable estoppel, and willful exaggeration defenses in connection with plaintiff's attempt to foreclose on a mechanic's lien (see Levy v Braverman, 24 AD2d 430, 430 [1st Dept 1965]). The record establishes that plaintiff, in response to a demand by Georgetown that it submit a document representing the amounts that nonparty BICOM NY, LLC had paid to plaintiff for plaintiff's work on a renovation of Georgetown's premises, executed a December 2, 2016 lien waiver falsely certifying that BICOM had paid all outstanding invoices to plaintiff. The record also shows that plaintiff executed the lien waiver containing these misrepresentations and submitted certain falsified records as part of an undisclosed side-deal scheme designed to obtain Georgetown's release of certain funds to BICOM so that BICOM could pay plaintiff amounts that BICOM could not otherwise afford.
We reject plaintiff's assertion that the Georgetown waiver demand did not seek an actual representation of the amounts BICOM had paid but merely sought the convenience of having a waiver in hand. The record makes clear that in fact, Georgetown sought bona fide representations as to the amounts BICOM had paid plaintiff and reasonably relied, to its detriment, on plaintiff's misrepresentations and waiver. Plaintiff's conduct in misrepresenting the amounts it had been paid and in executing a mechanic's lien that included those amounts, even though it had issued the December lien waiver that waived any claims for those amounts, amounted to inequitable conduct warranting denial of its lien foreclosure claim (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]; River Seafoods, Inc. v JPMorgan Chase Bank, 19 AD3d 120, 122 [1st Dept 2005], lv granted 5 NY3d 715 [2005], appeal withdrawn 6 NY3d 751 [2005] ]; Levy, 24 AD2d at 430).
In addition, the court properly dismissed the lien foreclosure claim based on the conclusive evidence that plaintiff willfully exaggerated the mechanic's lien in violation [*2]of Lien Law § 39-a by including in that lien the amounts it had waived in a December 2016 waiver (see Northe Group, Inc. v Spread NYC, LLC, 88 AD3d 557, 557 [1st Dept 2011]). Although the court had already found that unclean hands and equitable estoppel barred plaintiff's ability to foreclose on the lien, that finding does not require dismissal of defendants' willful exaggeration claims, and the court correctly reserved for trial the issue of any damages on those claims.
Supreme Court properly granted summary judgment to Georgetown on its fraud claim based on the same factual findings regarding the misrepresentations and other conduct in connection with plaintiff's execution of the December 2016 lien waiver and the mechanic's lien (see e.g. Schulhof v Jacobs, 157 AD3d 647, 648 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024