AUDREY-GRACE CORPORATION, Respondent, *v.* ENTROC REALTY CORPORATION et al., Appellants.

Argued June 13, 1941; decided November 27, 1941.

*Maurice Knapp* and *Murray C. Spett* for appellants. The approval and recommendation of the Mortgage Commission to the proposed plan of reorganization and modification of the first mortgage was not necessary. The seller complied with every prerequisite giving rise to the obligation of the purchaser to pay the additional installment of $1,500. (*Matter of Bond & Mortgage Guarantee Co.*, 157 Misc. Rep. 240.) In view of the breach of the contract by the purchaser and his failure to make an additional deposit after due notice, which made time of the essence, the Appellate Division was in error in adjudging that the contract was in full force and effect. (*Bowen* v. *Horgan*, 259 N. Y. 267; *Flanders* v. *Rosoff*, 111 App. Div. 1; 188 N. Y. 616; *H. W. Hotel Co.*, v. *First Nat. Bank*, 246 App. Div. 669; *Schmidt* v. *Reed*, 132 N. Y. 108; *Schiffer* v. *Dietz*, 83 N. Y. 300; *Myers* v. *DeMier*, 52 N. Y. 647; *Taylor* v. *Goelet*, 208 N. Y. 253.)

*Charles Berlin* and *Irving W. Daitch* for respondent. Plaintiff is entitled to a judgment decreeing specific performance. (*York Mortgage Corp.* v. *Clotar Constr. Corp.*, 254 N. Y. 128; *DeForest R. T. & T. Co.* v. *Triangle Radio Supply Co.*, 243 N. Y. 283.)

*Per Curiam.* This is an action by the assignee of the purchaser of real estate for specific performance. By the terms of the contract the seller agreed to obtain a modification and extension of the first mortgage so that it would be extended for a period of not less than three years from the date of the extension and so that interest together with amortization should not exceed seven per cent. The seller was to make immediate effort to effect such modification. The contract provided that the sum of $1,500 was to be paid by the purchaser " upon the written approval and recommendation by the City Bank Farmers' Trust Company and any other institution, person or persons having authority therefor, of a proposed reorganization or modification " of the existing mortgage and further that " upon obtaining from the holders of the mortgage certificates and the City Bank Farmers' Trust Company and any other corporation or governmental body, having jurisdiction thereof, written approval and recommendation of an offer of the Seller as to the proposed reorganization in accordance with the terms hereof, the Purchaser shall pay to the Seller the installment of $1,500 hereinbefore referred to, which is to be held in escrow as hereinafter provided." The seller was to have sixty days from the date of the execution of the contract in which to obtain the modification and extension and an additional thirty days if it had obtained the necessary approval and recommendation and had commenced a proceeding in the Supreme Court for the reorganization and modification of the mortgage.

There was provision in the contract giving to the purchaser the option to pay a lower purchase price in the event of failure by the seller to obtain the contemplated modification and extension of the mortgage.

The City Bank Farmers' Trust Company gave the required approval and recommendation but the Mortgage

Commission declined, taking the position that it would promulgate a plan but that " such promulgation does not carry with it the approval of the Mortgage Commission to the extension features of the plan."

After the lapse of the time provided in the contract following declination of approval by the Mortgage Commission of the proposed modification and extension of the mortgage the seller declared the contract breached and at an end for failure to make the necessary deposit after demand therefor. The purchaser then made tender of the reduced amount under the option and upon rejection by the seller instituted this action for specific performance.

The question presented for our consideration is whether the seller was required, as a condition precedent to the $1,500 payment, to obtain the written approval and recommendation of the Mortgage Commission. The latter had no power under the statute creating it to approve a plan for the reorganization and modification of a mortgage (L. 1935, ch. 19). That power was vested in the Supreme Court (§ 11). It may not be said that the contracting parties contemplated the performance of that which was legally impossible. What the parties did contemplate was that the escrow deposit of $1,500 should be made before the final approval of the plan by the court. There was no governmental body which had the power or authority to give written approval theretofore. The provision of the contract, mentioning such a body was, as the defendants urge, a saving or catchall clause in the event that there existed such a body.

A party to a contract may not sue for specific performance thereof without proof of performance on his part. (*Bowen* v. *Horgan*, 259 N. Y. 267, 269.) It follows that the complaint should be dismissed.

The judgment of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.