Samuel Rice, Respondent, v. James F. Reilly et al., Appellants.— Defendants appeal from an order which denied a motion to dismiss the complaint on the ground that it did not state a cause of action or, in the alternative, to strike out various allegations. Order reversed on the law, with $10 costs and disbursements, and motion to dismiss complaint granted, with $10 costs. Plaintiff may plead over within twenty days from the date of the order hereon upon payment of the aforesaid costs and disbursements. The complaint alleges that there was purported integration of the oral agreement of joint venture in the written agreement. Plaintiff does not seek to rescind it. On the contrary, he asks specific performance of it. Therefore, plaintiff must establish performance by him or waiver of the conditions precedent provided in the writing for the conveyance to him by the male defendant. In addition to work and materials to be supplied by plaintiff, the written agreement requires that he pay all bills for such work and materials prior to the delivery of the deed. It is also provided that he is obliged to procure insurance to protect the owner. The complaint does allege facts which would justify a finding that the male defendant waived the requirement that performance of the work should be completed by May 20, 1950, and was estopped to assert that the work and materials were not in accordance with the written contract. However, the plaintiff has pleaded

what he has done by way of performance of the writing which is annexed to the complaint. The performance pleaded does not include the payment of all bills for work and materials or the carrying of insurance to protect the male defendant, in accordance with the writing. Neither does the plaintiff allege facts which would estop that defendant from asserting that plaintiff had not performed or that the defendant had not waived performance of those provisions. Since his complaint reveals that what he has performed is not all he should have done, the general allegation of performance by him of all conditions, except those waived, modified or prevented, is refuted. (*Pease Oil Co.* v. *Monroe County Oil Co.,* 78 Misc. 285, affd. 158 App. Div. 951; 3 Carmody on New York Practice, § 931, p. 1804.) Carswell, Acting P. J., Adel, Wenzel, MacCrate and Schmidt, JJ., concur.