In the Matter of the Arbitration between SAMUEL RICE, Petitioner, and JAMES F. REILLY, Respondent.

Supreme Court, Special Term, Queens County, November 18, 1952.

*Charles H. Ellner* for petitioner.

*Martin E. Rindsberg* and *Howard A. Rikoon* for respondent.

DALY, J.   Petition to compel arbitration; cross motion to dismiss said petition.

By registered letter dated December 7, 1951, petitioner's attorney wrote to respondent as follows: " Although in my opinion your repudiation of said contract entitles him forthwith to file legal action against you for specific performance of your contractual obligation to give him a deed of an undivided one-half interest in the premises described in said contract, being

No. 612 East Broadway, Long Beach, New York, Mr. Rice does hereby demand that you cooperate with him in submitting to arbitration his rights and remedies under said contract. Specifically, this demand is made in enforcement of his rights to receive from you such deed of said undivided one-half interest in said real estate. So there be no doubt about it, demand is hereby formally repeated in his behalf that you deliver to him a good and sufficient bargain and sale deed of an undivided one-half interest in said real estate, as called for by said contract. * * * In the event that within ten days from date hereof you refuse or fail to indicate your willingness to submit the foregoing matters to such arbitration, legal action will be instituted against you.'' That letter, petitioner alleges, respondent refused to accept. A copy was sent by petitioner to the American Arbitration Association, which, in its reply of December 17, 1951, enclosed certain forms which were required to be filled in and returned in order to institute arbitration proceedings. Until the present application no further steps were taken along that line.

Numerous demands for performance were made by petitioner from on or about June 2, 1950, but to no avail. By deed dated October 5, 1951, and recorded in the office of the Clerk of the County of Nassau on or about October 9, 1951, respondent conveyed the real property in question to his wife.

On January 25, 1952, after filing a *lis pendens*, petitioner commenced an action against the respondent and his wife in the Supreme Court, Nassau County, to set aside that allegedly fraudulent conveyance and for specific performance of the written contract entered into between petitioner and respondent on April 5, 1950. The latter moved to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. His motion was denied at Special Term but granted by the Appellate Division, with leave to the petitioner to plead over (*Rice* v. *Reilly*, 280 App. Div. 826). This proceeding followed.

In the opinion of this court the petition must be dismissed. The controversy between the parties, as clearly and accurately revealed in the letter above quoted in part, is in respect to '' a claim to an estate in real property '' and thus not arbitrable (Civ. Prac. Act, § 1448, subd. 2), whatever the interpretation petitioner now seeks to place upon the dealings between him and the respondent.

Furthermore, petitioner has waived his right to arbitration by commencing an action in this court (*Oklahoma Pub. Co.* v. *Parsons & Whittemore*, 255 App. Div. 589; see *Matter of Zim-*

*merman* v. *Cohen,* 236 N. Y. 15, 19). A realistic appraisal of the events which led to the bringing of that action makes it impossible to uphold petitioner's contention that since no " controversy " existed between him and the respondent at that time no waiver could result from the commencement of the action. Inapposite, therefore, is the case of *Newburger* v. *Lubell* (257 N. Y. 383), in which the Court of Appeals stated (pp. 386-387): " We see no force in the objection that a waiver or abandonment of the benefits of arbitration could be inferred from the mere commencement of an action *in the absence of notice that a controversy existed.*" (Emphasis supplied.) There, defendant had allegedly confirmed and approved the indebtedness which plaintiffs claimed was due. Not knowing of any controversy then existing between them and the defendant, plaintiffs brought an action for a judgment declaring that no controversy existed, or, in the alternative, if one did exist, that arbitration be directed to proceed in accordance with the contract. The Court of Appeals held that declaratory judgment would not lie because existing forms of action were adequate. Even in that case, however, the court stated that if the bringing of an action at law to reduce the claim to judgment revealed the existence of a controversy, plaintiffs would be " *free to discontinue,* and get the benefit of the contract that whatever controversy arises shall be settled by arbitration " (257 N. Y. 386; emphasis supplied). In the case at bar the action has *not* been discontinued.

The petition is accordingly dismissed (Civ. Prac. Act, § 1450). Submit order.