WILLIAM HALPERN et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Motion No. 2394.)

Court of Claims, June 18, 1953.

*Milton Bauman* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*Fred Zabriskie* of counsel), for defendant.

SYLVESTER, J. This motion for leave to file a claim against the State, pursuant to subdivision 5 of section 10 of the Court of Claims Act, is opposed for the reason that the proposed claim fails to set forth a cause of action. The controversy arises out of an agreement of lease, dated July 23, 1952, executed by claimants on or about its date and by the Division of Standards and Purchases of the State on September 17, 1952. Although the lease was to begin, in accordance with its terms, on September 1, 1952, it was also provided that certain alterations were to be made by the landlord and, in addition, that the liability of the State to pay the stipulated rent would be suspended until these alterations were completed. The language of this clause, the interpretation of which is decisive upon this motion, follows: '' If the landlord shall be unable to give possession of the demised premises on the date of commencement of the term hereof by reason of the fact that the premises are located in a building being constructed which has not been sufficiently completed to make such premises ready for occupancy, or if repairs, alterations, improvements or decorations of the demised premises or of the building in which said premises are located are not completed, or if for any other reason the premises are not ready for occupancy by the tenant on the date of commencement of the term hereof, the rent reserved and covenanted to be paid shall not commence until the possession of the premises are given or the premises are available for full occupancy by the tenant ''.

Claimants, seeking to recover rent for the period from September 1, 1952, to October 24, 1952, allege that their inability to complete the alterations prior to October 24th, was attributable to the default or neglect of the State in unnecessarily delaying the execution of the lease. For this reason, claimants urge that they were not able to complete the alterations and that, therefore, performance of this condition was excused. It is true that if a promisor prevents or hinders the occurrence of a condition, or the performance of a return promise, the condition is excused and the nonperformance of the return promise does not discharge the promisor's duty. (Restatement, Contracts, § 295; 3 Corbin on Contracts, § 767; *Patterson* v. *Meyerhofer,* 204 N. Y. 96; *Pneumatic Signal Co.* v. *Texas & Pacific Ry. Co.,* 200 N. Y. 125.)

But here, the alleged neglect or default of the State occurred prior to its execution of the lease and the assumption of any liability on its part. The lease, when actually executed on September 17, 1952, provided for the completion of alterations as a condition precedent to the obligation of the State. This clause, in effect, modified the provision for the commencement of the demised term on September 1, 1952. In view of the non-liability of the State for rent until alterations were completed, the proposed claim is insufficient in law and the motion for leave to file it is accordingly denied.