MARVIN M. MEYER et al., Appellants, *v.* CUSTOM MANOR HOMES, INC., Respondent.

Fourth Department, October 30, 1957.

*Benjamin E. Solin* and *Hyman G. Gould* for appellants.

*Charles S. Wilcox* for respondent.

McCurn, P. J.   The plaintiffs, husband and wife, entered into a contract with defendant in May, 1955 to purchase from the defendant, as builder a lot in the town of Henrietta, Monroe County, New York, and a house to be built thereon for the agreed price of $17,250.   The plaintiffs made a down payment of $900. The house was to be built by " approximately September ".

On May 21, 1956 the plaintiffs began this action to compel the defendant to arrange and provide for the financing of a loan on the property pursuant to the contract, and to compel the defendant to convey the property to them upon payment of the purchase price, with abatement in the purchase price for defendant's failure to construct the house in conformity with the plans and specifications.   In the event that specific performance cannot be decreed, the plaintiffs ask to recover such sum as the court shall assess as damages.

The defendant's original answer was a general denial.   The defendant's amended answer, verified July 9, 1956, admitted making the contract and denied all the material allegations of the complaint.   By way of affirmative defense, the defendant alleged that the contract was conditioned upon plaintiffs' qualifying for a G. I. mortgage; that the defendant caused to be submitted to the Central Trust Company of Rochester, New York, the financing institution selected by it, plaintiffs' application for a mortgage loan, and that such application was rejected by the bank.

The contract, designated as a construction and sales contract, was on the defendant's printed form and consisted of a proposal signed by the plaintiffs and acceptance by the defendant. The proposal provided amongst other things: " This offer is conditioned upon purchaser *qualifying* for G. I. Mortgage upon the premises herein described in the amount of $16,350.00.   Purchaser agrees to execute whatever documents the financing institution, to be selected by Builder, may require to complete the financing."   (Emphasis supplied.)   It is to be noted that the condition is that the purchaser *qualify* — not that they procure the mortgage.   The record clearly indicates that it was the custom of the defendant, and so intended by the parties, that the defendant should arrange for the mortgage and the plaintiffs would execute whatever papers were required.

The defendant first presented the application for the mortgage to the financing institution selected by it on June 20, 1956 subsequent to the serving of its original answer.   The application

was declined on the same day " due to insufficient income ". It was following the rejection of the application that the defendant served its amended answer alleging noncompliance with the plaintiffs' agreement to qualify for the mortgage. The plaintiffs had no notice or any knowledge that the application was to be made on June 20th. The bank officer who passed upon the application for the mortgage had no contact with the plaintiffs; made no investigation as to their credit or financial status and saw them for the first time when they appeared in court for the trial.

It appears that at the time the building contract was signed in May, 1955 the plaintiff husband was asked to sign, and did sign, a blank form application for a mortgage. At the same time he signed another form listing such statistics as his marital status, business, employment, income, property, etc. On this form the plaintiff, an architect, listed his then salary at $6,500 per year and listed his income from private work at $500 making a total of $7,000. That was in May, 1955 and it was used by the defendant when the application for the mortgage was made on June 20, 1956. In the meantime, plaintiff husband's earnings had increased — his income for the year 1955 was $8,421.77. He was never given any opportunity to show what his income was in June, 1956 when the application for the mortgage was made. The bank officer testified that had he known the plaintiff husband's earnings at the time the application was made were approximately $8,500 or $9,000 per year, he would " probably " have granted the loan. The bank officer had been informed that the defendant was dissatisfied with the plaintiffs as purchasers and when asked whether the defendant's representatives had told him to turn down the application he answered, " They said, ' We are just as glad ' ''.

The trial court held that the plaintiffs' pleading was defective in that it did not allege compliance with a condition precedent in the contract, i.e. that plaintiffs had qualified for the mortgage, or allege facts and circumstances which would constitute a waiver or estoppel of the defendant from asserting nonperformance of such condition. It will be noted that at the time the action was commenced the defendant had made no application for a mortgage and one of the objects of the action was to compel it to do so. Qualifying for the mortgage was not a condition precedent to defendant's duty to make the application. Nor would there be any occasion to qualify until the application was submitted to the bank. It was not until the defendant, by its amended answer alleged that it had made the application and that it had been rejected, that the plaintiffs were called

upon to meet that issue. No motion was made to compel a reply and plaintiffs were entitled to meet the affirmative defense upon the trial (see Rules Civ. Prac., rule 92).

We conclude that in these circumstances plaintiffs' complaint was not defective. We conclude the evidence presents a fair question of fact as to whether the plaintiffs as alleged in their complaint have at all times been and still are ready, willing and able to perform said agreement on their part. Likewise, the testimony as to the acts of the defendant, its agents and representatives and the circumstances surrounding the presentation of the application for the mortgage loan and its rejection by the bank, present a fair question of fact as to whether the defendant prevented or substantially hindered the plaintiffs from qualifying for the mortgage loan. A party to a contract may not insist upon a condition precedent where he himself has caused or brought about its nonperformance. (See *Amies* v. *Wesnofske,* 255 N. Y. 156, 162, 163; *Dolan* v. *Rodgers,* 149 N. Y. 489, 491; *Patterson* v. *Meyerhofer,* 204 N. Y. 96; *Matter of Casualty Co.* [*Bliss Co. Claim*], 250 N. Y. 410, 419, 420; *Halpern* v. *State of New York,* 204 Misc. 210, 211.)

The judgment appealed from should be reversed and a new trial granted.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Judgment reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event.