Harold Tessler, J.
On February 25, 1960, Victor B. Fabry, Charles E. Wetzler and Wladyslaw Sandowski entered into an agreement which they called
‘1 INTEGRATED COPY OE MINUTES OE A JOINT MEETING OF
(1) (a) The Board of Directors
(b) The Stockholders Of Joyce Research and Development Co., Inc. (hereinafter referred to as ‘ Joyce ’)
(2) (a) The Board of Directors
(b) The stockholders of Equi-Flow Division of Vibro Manufacturing Co., Inc. (hereinafter referred to as ‘ Equi-Flow ’) * *
Therein, Wetzler and Fabry agreed to transfer all of their respective stock in Joyce to Sandowski and to resign as officers and directors of this corporation. Sandowski agreed to transfer his shares of stock in Equi-Flow to Fabry and Wetzler and to resign as an officer and director of that corporation. By the terms of this agreement certain assets and liabilities were to be transferred by and between Equi-Flow and Joyce and certain individual duties and obligations on the part of Wetzler, Fabry and Sandowski were assumed by each in connection therewith. The agreement further provided that Joyce was to transfer all of its assets to Equi-Flow and Equi-Flow was to assume all of Joyce’s liabilities but that Equi-Flow was to have the right to use Joyce’s name in connection with the sale of merchandise inventory and the collection of accounts receivable transferred to it by Joyce; that by December 31,1960, Joyce was to purchase from Equi-Flow all woodworking machinery inventory transferred to Equi-Flow by Joyce as assets, etc. The parties agreed that all prior agreements between the parties were to be deemed null and void and that £ 1 Any and all claims, controversies, disputes or disagreements arising out of or related in any manner to this agreement shall be settled by arbitration ”,
The foregoing agreement was signed individually by Wetzler, Fabry and Sandowski, who, however, ■were described in the introductory portion thereof as ££ being all of the directors, all of the stockholders and all of the officers of Joyce and EquiFlow.” This description immediately preceded the body of the agreement introduced by the clause ££ it was unanimously agreed as follows: ’ ’.
Thereafter, Wetzler and Fabry commenced a proceeding to compel Sandowski to arbitrate certain disputes that had arisen *954 under the agreement. On April 17, 1961, an order was entered directing such arbitration. Hearings were held by the arbitrator and the matter is currently in recess.
It appears that the attorney for Sandowski filed with the arbitrator seven major objections to the relief sought by Fabry and Wetzler. Two of these are as follows:
“ I. As a general objection to all invoices, any amount which was originally owing thereon, and any balance which may still be due and owing thereon, was and is due and owing to EquiFlow Division of Vibro Mfg. Co., Inc. (hereinafter referred to as ‘Equi-Flow’), and not to the petitioners herein or either of them.
“ II. As a further general objection to all invoices, any amount which was originally owing thereon, and any balance which may still be due and owing thereon, was and is due from'Joyce Research and Development Corporation (hereinafter referred to as ‘ Joyce ’), and not from the respondent herein.”
Thus, in essence Sandowski, the respondent in the pending arbitration maintains that all major rights and obligations under the agreement of February 25, 1960, were corporate obligations for which the individual signers of the agreement are not liable.
The instant action brought by Joyce against Equi-Flow in the Supreme Court, Nassau County, on August 23, 1961, seeks to recover certain books of account and corporate minutes and stockbooks of the plaintiff. The complaint alleges that plaintiff is and always has been the owner of these books, but that the defendant is wrongfully in possession thereof and unlawfully retains them following a demand therefor by the plaintiff.
Equi-Flow now moves to stay this action and to direct the parties thereto to submit to arbitration the issues raised by the pleadings herein, on the ground that they embrace a dispute referable to arbitration, under the so-called “integrated” agreement of February 25, 1960. Said defendant also moves to add the corporate parties hereto as parties to the pending recessed arbitration between the individuals who signed the agreement, and thereupon to consolidate the arbitration herein sought with that already pending.
It is fundamental that no one is under duty to resort to arbitration unless by clear language he has so agreed. (Matter of Lehman v. Ostrovsky, 264 N. Y. 130; Matter of Kelley, 240 N. Y. 74-78.) This question, when raised, is one for the court to determine and not the arbitrators. (Matter of International Assn. of Machinists [Cutler-Hammer, Inc.], 271 App. Div. 917, affd. *955 297 N. Y. 519; Matter of Miller Art Co. [Firestone], 4 A D 2d 1032.)
With these principles in mind, it is necessary to determine at the outset whether from the four corners of the “ Integrated Copy of Minutes ” of the joint meeting the corporations sought to be joined as parties to the arbitration are bound by its terms. As already noted, the agreement initially refers to “ Victor B. Fabry, (hereinafter called ‘ Fabry ’)
“ Wladyslaw Sandowski, (hereinafter called ‘ Sandowski ’) “ Charles E. Wetzler, (hereinafter called ‘ Wetzler ’)
“ being all of the directors, all of the stockholders and all of the officers of Joyce and Equi-Flow.”
It then recites certain undertakings and obligations to be performed both by the individual signatories and the two corporations. While the agreement was not executed by either of the corporations as such, the provisions thereof, in so many words, contemplate action by way of specific undertakings on the part of each corporation. Thus the conclusion is inescapable that the individuals who signed the agreement, ‘ ‘ being all of the directors, all of the stockholders and all of the officers of Joyce and Equi-Flow,” contemplated that their respective corporations as well as they, individually, should be bound by its terms. In this connection it is to be noted that Sandowski in an opposing affidavit, sworn to September 17, 1961, states: “I
have always taken the position, and still do, that if the arbitration clause in question is valid, it binds the two corporations, and only the corporations.”
This court is of the opinion that to hold that the two corporations were not parties to the agreement in the circumstances here presented would “ deny effect to and frustrate the legitimate object ” of its terms. (Mencher v. Weiss, 306 N. Y. 1, 7.) It is evident that these corporations are the alter egos for the individual signatories to the agreement. (Matter of Reif [Williams Sportswear], 9 N Y 2d 387.) Accordingly, the interests of justice dictate that they be added to the presently pending arbitration so that complete relief may be accorded.
Now, as to the stay sought in the instant action between the two corporations and to compel arbitration of their dispute and thereupon to consolidate the arbitration with that presently pending. Plaintiff’s objection to this is twofold: (1) that the subject matter involved in the instant action is not subject to arbitration even under the broad provisions of the arbitration clause; and (2) that defendant has waived its right to arbitrate by bringing an action at law against plaintiff on trade accep *956 tances unquestionably arising directly out of the undertakings contained in the agreement.
It appears that in June, 1961, while the pending arbitration proceeding already was in progress, defendant instituted an action in the City Court, Queens County, against the plaintiff to recover upon a series of trade acceptances. These had been given by the plaintiff to the defendant in payment for the repurchase of machinery inventory under the terms of the agreement. The court finds no merit to the defendant’s contention that since the instruments in suit “ are matured instruments ” they are not “ unperformed obligations which [can] constitute the basis for arbitration.” The law is to the contrary (see e.g., Matter of Hosiery Mfrs. Corp. v. Goldston, 238 N. Y. 22).
It is the opinion of this court that a realistic appraisal of the events which led to the bringing of the City Court action negates the inference of waiver. (Cf. Matter of Rice [Reilly], 203 Misc. 1033.) Although a party, by his conduct, may waive his right to arbitration, when he deliberately elects to proceed by an action in court for the determination of his claim (Matter of Zimmerman v. Cohen, 236 N. Y. 15; Matter of Young v. Crescent Development Co., 240 N. Y. 244), the mere institution of an action does not always ipso facto constitute a waiver which “ is an intentional abandonment or relinquishment of a known right or advantage which, but for such waiver, the party would have enjoyed.” (Alsens Amer. Portland Cement Works v. Degnon Contr. Co., 222 N. Y. 34, 37; Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 403.)
Had the corporations been originally made parties to the pending arbitration, there would be no question that the commencement of the City Court action would be deemed a waiver of the right to arbitrate. However, the corporate responsibility for obligations under the agreement were, for the first time, urged by Sandowski in the pending arbitration and it is this that brought home to Wetzler and Fabry the realization that the corporations may be bound thereby.
This finds support in Sandowski’s own affidavit wherein he states: “Up to now, the defendant’s attorneys (who are the same attorneys that represent Charles E. Wetzler and Victor Fabry, individually, in the pending arbitration proceeding) have uniformly and consistently taken the position that the alleged agreement can raise issues only as between the three individuals who signed it and that the arbitration clause in it binds only them to arbitrate those issues. In this connection, it is to be noted that the original notice or demand for arbitration was made by Wetzler and Fabry, as individuals * * *. The *957 motion to direct arbitration which led to the pending arbitration proceeding and the petition in support thereof were made by those individuals and were directed to Wladyslaw Sandowski, as an individual alone * * *. In that petition, Wetzler averred that pursuant to the agreement (the agreement upon which defendant bases its present motion) Wetzler and Fabry have attempted ‘ to perform all of the aforesaid duties and obligations on their part to be performed ’ Judge Cardozo put it this way in Newburger v. Lubell (257 N. Y. 383, 386-387): “ We see no force in the objection that a waiver or abandonment of the benefits of arbitration could be inferred from the mere commencement of an action in the absence of notice that a controversy existed. ‘ Waiver is an intentional abandonment or relinquishment of a known right ’ ”.
The court, therefore, is of the opinion that there has been no intentional abandonment of arbitration on the part of Equi-Flow by the mere commencement of the City Court action.
Now as to the objection that the subject matter sought to be arbitrated is not embraced by the agreement. The cause of action is in replevin for the return of books, papers and records allegedly willfully detained by Equi-FloAV. Plaintiff Joyce contends that since its claim that the defendant’s possession of its books and records is tortious, this presents an issue altogether foreign to the agreement and that such dispute does not arise out of and is not related to it, absent a provision dealing with books and records.
The court is of the opinion that, regardless of the nature of the action, if the dispute arises “ out of” or is “ related in any manner ’ ’ to the agreement, it is referable to arbitration. (See, e.g., Matter of Ameroton Corp. [Shapiro Woolen Co.], 3 A D 2d 899, affd. 4 N Y 2d 722.) The question is whether the books and records sought to be replevied fall within the purview of the agreement and, therefore, within the broad ambit of its arbitration clause. This the court must decide without considering the merits of the controversy. (Matter of Carey [Westinghouse Elec. Corp.], 6 A D 2d 582; Matter of Peele Co. [Western Steel Erection Co.], 28 Misc 2d 564, 567.)
The agreement, in substance, sought to effect a full and complete separation betAveen Equi-FloAV, Fabry and Wetzler on the one hand and Joyce and SandoAvski on the other. To effectuate this result certain individual and corporate acts were specified in the agreement, which shows on its face that the individuals and the corporations were intricately enmeshed, so that for all intents and purposes the two corporations were conducted and controlled by Avhat amounted to an interlocking directorate. *958 The agreement contemplated the separation already noted and the court is of the opinion that the corporate books and records necessarily were an integral part of such separation. The dispute concerning them is, therefore, referable to arbitration.
The motion is in all respects granted.
While the attorneys for Equi-Flow, in their letter to the court dated September 28, 1961, have consented to a stay of the City Court action and that the claim there sued upon likewise he referred to arbitration, the court, in the absence of consent by Joyce or formal application cannot direct such relief. Should Joyce consent, provision for such relief will be incorporated in the order to he entered hereon.