◼ DAVID MICHAELS et al., Appellants, v MOHAWK GARDENS, INC., et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: Plaintiffs bring this action for specific performance of a contract to purchase defendants' real property, two apartment complexes, or in the alternative, for damages. The sale was subject to existing FHA mortgages on the property and closing was to take place January 15, 1973 or 10 days after FHA approval, whichever date was later. The transfer required FHA approval of plaintiffs as purchasers taking subject to existing mortgages on the property. The application for FHA approval was never completed. It is plaintiffs' claim that the failure was occasioned by defendants' lack of co-operation. The trial court found that the delay was caused by plaintiffs'

inactivity not defendants', that defendants had not breached the contract of sale and that plaintiffs were not entitled to damages. We accept the trial court's factual findings (see *Meyer v Custom Manor Homes,* 4 AD2d 488). When the closing did not occur on the 15th as the contract provided, plaintiffs notified defendants' attorney that there had to be action by January 26, 1973 or "the deal [was] off". On February 22, 1973, the closing not having occurred, one of the plaintiffs called defendants' counsel, advised him that the contract was canceled and demanded return of plaintiffs' $50,000 down payment. A check for that sum was mailed to them "as requested" and plaintiffs accepted it and deposited it to their credit. They now claim that even if there was a mutual cancellation of the contract, which they deny, the cancellation was ineffective because the terms of the contract prohibited oral termination (see General Obligations Law, § 15-301, subd 2). Defendants contend that the cancellation was effective because there was an executed accord and satisfaction sufficient to satisfy the statute. The mutual agreement to cancel was not in fulfillment of the original contract obligations or in settlement of a disputed performance under the contract. It was a rescission of the contract by mutual consent but because it was oral it was a rescission without legal consequence under the provisions of subdivision 2 of section 15-301 of the General Obligations Law. Even though we find that the contract has not been effectively canceled, however, we refuse to exercise our discretion to grant equitable relief of specific performance at this late date. Plaintiffs disaffirmed the contract in February, 1973 before any breach on defendant's part and, having done so, they are not now entitled to specific performance (see *Audrey-Grace Corp. v Entroc Realty Corp.,* 287 NY 150; *Rice v Reilly,* 280 App Div 826). (Appeal from judgment of Oneida Supreme Court—specific performance.) Present—Marsh, P. J., Cardamone, Simons, Dillon and Schnepp, JJ.