■ CHARLES W. PECORELLA et al., Respondents, v GREATER BUFFALO PRESS, INC., et al., Appellants. — Judgment unanimously reversed, on the law, with costs, and matter remitted to

Supreme Court, Orleans County, for further proceedings, in accordance with the following memorandum: On the previous appeal of this breach of contract action stemming from defendants' failure to consummate a real estate purchase, we granted summary judgment in favor of plaintiffs on the issue of liability (*Pecorella v Greater Buffalo Press,* 84 AD23d 950). Since plaintiffs' complaint asked for specific performance or, alternatively, damages, and because defendants alleged that plaintiffs were guilty of various misrepresentations, we remitted the matter to Supreme Court "for a determination of the relief to be afforded plaintiffs." When the parties came before Trial Term, the court refused to consider defendants' arguments in opposition to the equitable remedy of specific performance. The court construed our grant of summary judgment as mandating the remedy of specific performance. This was error.

"Specific performance is a discretionary remedy which is an alternative to the award of damages as a means of enforcing a contract" (*Hadcock Motors v Metzger,* 92 AD2d 1, 4). The right to specific performance is not automatic (see, e.g., *Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526, affd 60 NY2d 997; *Michaels v Mohawk Gardens,* 65 AD2d 930). The equitable remedy of specific performance is available in the court's discretion when the remedy at law is inadequate (*Kama Rippa Music v Schekeryk,* 510 F2d 837, 844; *Matter of Burke v Bowen,* 40 NY2d 264, 267; see, also, *Mofsky v Goldman,* 3 AD2d 311, 315). Finally, and extremely relevant to the instant case, the party seeking equity must do equity, i.e., he must come into court with clean hands (*Grosch v Kessler,* 256 NY 477; *Haskins v Thomajan,* 99 AD2d 463; *Muscarella v Muscarella,* 93 AD2d 993). The misconduct which will bar equitable relief need not be sufficient to constitute the basis of a legal action; any willful conduct "which would be condemned and pronounced wrongful by honest and fair-minded men, will be sufficient to make the hands of the applicant unclean" (20 NY Jur, Equity, § 107) as long as the conduct pertains to the matter in litigation (*Agati v Agati,* 59 NY2d 830; *Seagirt Realty Corp. v Chazanof,* 13 NY2d 282, 285-286). Trial Term erred, therefore, by granting, automatically, the equitable remedy of specific performance and by refusing to permit counsel for defendants to present arguments as to why plaintiffs should be relegated to their remedy at law, i.e., damages.

We observe that when the matter comes before the court on remittitur, whether to grant specific performance will rest in the sound discretion of the court (55 NY Jur, Specific Performance, § 5) since the question of a party's right to an equitable remedy

is not a matter for jury determination (*Cowper Co. v Buffalo Hotel Dev. Venture,* 99 AD2d 19, 24; 7 Carmody-Wait 2d, NY Prac, § 49:14). If the court concludes that specific performance is appropriate, it may award such relief as well as such incidental damages as are necessary to put plaintiffs in as good a position as they would have been absent the breach (55 NY Jur, Specific Performance, § 74). Since there has been a determination of such incidental damages already, no further trial should be necessary on this issue. If the court concludes that plaintiffs are not entitled to specific performance, then it will be necessary to proceed to trial to determine the proper amount of damages recoverable for the breach of contract, at which point claims of unclean hands shall have no bearing.

We find no merit to defendants' remaining contentions. (Appeal from judgment of Supreme Court, Orleans County, Miles, J. — specific performance.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and O'Donnell, JJ.