■ RALPH PERFETTO et al., Respondents, v HENRY SCIME et al., Appellants.—Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs' complaint seeks specific performance of a purchase option contained in their lease of certain premises from defendants. Defendants allege that plaintiffs' purported exercise of the option was improper or ineffective and that their occupancy of the premises beyond the expiration of the leasehold period converted their occupancy to that of holdover tenants for which defendants were entitled to recover its reasonable rental value. The action was tried before a jury.

Following the close of proof, the court granted plaintiffs' motion to dismiss the counterclaim seeking money damages based upon the defendants' failure to offer any proof on that issue. With defendants' legal counterclaim no longer at issue, Supreme Court dismissed the jury and determined plaintiffs' entitlement to the equitable relief sought in their complaint.

Supreme Court properly dismissed the jury. Although defendants were entitled to have their legal counterclaim determined by a jury (CPLR 4101 [1]; Siegel, NY Prac § 377 [2d ed]), once that claim was dismissed for failure of proof, the sole remaining issue related to plaintiffs' claim for specific performance, a matter which is not for jury determination (see, Pecorella v Greater Buffalo Press, 107 AD2d 1064, 1065-1066).

Supreme Court's decision was not against the weight of the evidence. Plaintiffs' proof on their exercise of the option pursuant to the provisions of the lease agreement was uncontroverted. Similarly, there is nothing in this record to contradict the validity of the lease, which included the $175,000 purchase option provision upon which plaintiffs' action is predicated. There being no issue concerning plaintiffs' readiness and willingness to perform, it was within the discretion of the court to grant specific performance (see, Pecorella v Greater Buffalo Press, supra; Hadcock Motors v Metzger, 92 AD2d 1, 4-5).

Supreme Court erred, however, in giving plaintiffs a credit

for monies paid since April 1990 towards the $175,000 purchase price. Where a seller is at fault for the delay in closing, the buyer may elect to pay the seller interest on the purchase money and to take the rents and profits, or to be exempt from the former and allow the seller to keep the latter *(Haffey v Lynch,* 193 NY 67; 91 NY Jur 2d, Real Property Sales and Exchanges, § 212). Plaintiffs are not entitled to a credit for the rent paid by them during their occupancy of the premises after the sellers' default because they did not offer to pay interest on the purchase money from that date. (Appeal from Judgment of Supreme Court, Erie County, Doyle, J.—Declaratory Judgment.) Present—Callahan, J. P., Boomer, Pine, Lawton and Fallon, JJ.