■ Eugene Feeley et al., Respondents, v Midas Properties, Inc., et al., Appellants. [633 NYS2d 385] —In an action for specific performance of a contract to purchase real property, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (Hickman, J.), dated March 22, 1994, as granted their motion pursuant to CPLR 4404 to set aside a judgment of the same court dated December 8, 1993, only to the extent of directing that the defendants were entitled to an additional credit of $17,037.66 at the scheduled closing.

Ordered that the order is modified by deleting therefrom the provision which failed to vacate the provision of the judgment dated December 8, 1993, which reduced the amount to be paid by the plaintiffs at the scheduled closing by the amount of rent which had been paid by the plaintiffs, and substituting therefor a provision vacating that provision of the judgment; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the matter is remitted to the Supreme Court, Putnam County, for the settlement of a new judgment, on notice, in accordance herewith.

In its judgment directing specific performance, the Supreme Court ordered the reduction of the purchase price by $391,040.50, reflecting rents paid by the plaintiffs through June of 1993. The court also stated, in its judgment, that "if plaintiffs have made any payments as and for rent after July, 1993, they shall receive an equivalent credit". We agree with

the argument advanced by the defendants on appeal to the effect that the plaintiffs, having failed to offer to pay interest on the purchase price which they retained from the date of the defendants' default, are not entitled to a credit for rents *(see, Cobble Hill Nursing Home v Henry & Warren Corp.*, 196 AD2d 564, 568; *Perfetto v Scime,* 182 AD2d 1126, 1127). Accordingly, the matter is remitted to the Supreme Court for a recalculation of the amount to be paid by the plaintiffs at the time of closing.

The remaining issues raised on the present appeal could have been reviewed in connection with the defendants' appeal from the prior judgment. The dismissal of that appeal for want of prosecution was an adjudication on the merits with respect to all issues which could have been reviewed therein, and the defendants are therefore precluded from obtaining appellate review of these issues at this time *(see, Bray v Cox,* 38 NY2d 350, 355; *Montalvo v Nel Taxi Corp.*, 114 AD2d 494). Bracken, J. P., Sullivan, Friedmann and Krausman, JJ., concur.