# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1032.1
CA 11-00042
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

GARY W. GILPIN AND ANN C. GILPIN,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                            MEMORANDUM AND ORDER

OSWEGO BUILDERS, INC., HOWARD D. OLINSKY
AND OSLAW, INC.,
DEFENDANTS-APPELLANTS-RESPONDENTS.

HISCOCK & BARCLAY, LLP, SYRACUSE (JON P. DEVENDORF OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ANN M. ALEXANDER OF
COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

-----------------------------------------------------------------------------------------------------

Appeal and cross appeal from an order of the Supreme Court,
Oswego County (James W. McCarthy, J.), entered April 7, 2010. The
order, among other things, denied in part the motion of defendants for
partial summary judgment and denied the cross motion of plaintiffs for
partial summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying that part of defendants'
motion for partial summary judgment dismissing the breach of warranty
claim with respect to mold, denying partial summary judgment to
defendants dismissing the second cause of action, reinstating that
claim with respect to mold as well as the second cause of action, and
denying judgment to defendants on their counterclaim and as modified
the order is affirmed without costs in accordance with the following
Memorandum:  Plaintiffs commenced this action alleging that they
purchased a residence in a subdivision from defendant Oswego Builders,
Inc. (Oswego Builders) and that, prior to the closing, defendants
agreed to complete certain repairs, including addressing "basement
moisture."  On the day of the closing, plaintiffs indicated in the
"final home inspection check list" that there was, inter alia, water
in the basement.  According to their amended complaint, however,
plaintiffs closed on the property on the condition that "all
[deficient] items would be corrected."  Shortly thereafter, mold was
discovered in the basement of the house.  When defendants refused to
remedy the deficiencies in the house, including the moisture problem
in the basement, plaintiffs commenced this action asserting causes of
action for, inter alia, breach of warranty and fraudulent
misrepresentation.  Defendants asserted a counterclaim for plaintiffs'
breach of the restrictive covenants of the subdivision by, inter alia,

operating a business out of the residence.

Defendants moved for partial summary judgment seeking to dismiss all claims against defendant Howard D. Olinsky, the president of Oswego Builders, as well as the claim for breach of warranty with respect to mold. Defendants contended that the "assertion of claims against Defendant Olinsky personally is little more than an improper effort to restructure the transaction to insert [him] as an additional party to the Contract." Plaintiffs cross-moved for partial summary judgment with respect to their second cause of action, for fraudulent misrepresentation, and for dismissal of defendants' counterclaim. With respect to defendants' motion, Supreme Court denied that part with respect to Olinsky and granted that part for partial summary judgment dismissing the breach of warranty claim with respect to mold. With respect to plaintiffs' cross motion, the court denied the cross motion in its entirety and instead granted summary judgment in defendants' favor dismissing the second cause of action, for fraudulent misrepresentation, and in addition granted judgment to defendants on their counterclaim.

We agree with plaintiffs on their cross appeal that the court erred in granting that part of defendants' motion for partial summary judgment dismissing their breach of warranty claim with respect to mold. The " 'interpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument' " (*Chimart Assoc. v Paul*, 66 NY2d 570, 572-573; *see generally Abramo v HealthNow N.Y., Inc.*, 23 AD3d 986, 987, *lv denied* 6 NY3d 714). In determining whether a contract is ambiguous, the court first must determine whether the contract "on its face is reasonably susceptible of more than one interpretation" (*Chimart Assoc.*, 66 NY2d at 573; *see St. Mary v Paul Smith's Coll. of Arts & Sciences*, 247 AD2d 859). It is well settled that, "[i]f there is ambiguity in the terminology used . . . and determination of the intent of the parties depends on the credibility of extrinsic evidence or on a choice among reasonable inferences to be drawn from extrinsic evidence, then such determination is to be made by the jury . . . On the other hand, if the equivocality must be resolved wholly without reference to extrinsic evidence the issue is to be determined as a question of law for the court" (*Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169, 172).

Defendants, as the movants seeking partial summary judgment dismissing the claim for breach of warranty with respect to mold, had the burden of establishing that their "construction of [that part of the contract] is the only construction which can fairly be placed thereon" (*Nancy Rose Stormer, P.C. v County of Oneida*, 66 AD3d 1449, 1450 [internal quotation marks omitted]; *see Jellinick v Naples & Assoc.*, 296 AD2d 75, 78-79). Here, defendants failed to meet that burden. Pursuant to the terms of the builder's warranty, any issues with moisture in the house *prior* to closing were within the builder's "control" to remedy and correct, while the waiver of damages for mold in the warranty applies to damages caused by mold *after* the closing.

The warranty further provides, however, that the builder is not responsible for "*any* damages caused by mold" (emphasis added). Because we thus conclude that the waiver for mold in the builder's warranty is ambiguous, extrinsic evidence is admissible to ascertain the parties' intent, but defendants failed to submit any such extrinsic evidence to establish their entitlement to judgment as a matter of law on this issue (*see Camperlino v Town of Manlius Mun. Corp.*, 78 AD3d 1674, 1676-1677, *lv dismissed* 17 NY3d 734). Indeed, defendants' submissions in support of their motion do not clarify the parties' intent with respect to the builder's warranty concerning mold, but merely address Olinsky's individual liability. Thus, the court should have denied that part of defendants' motion with respect to mold regardless of the sufficiency of plaintiffs' opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), and we therefore modify the order accordingly.

We also conclude that the court erred in granting summary judgment to defendants dismissing plaintiffs' fraudulent misrepresentation claim pursuant to CPLR 3212 (b), which provides that, "[i]f it shall appear that any party other than the moving party is entitled to summary judgment, the court may grant such judgment without the necessity" of a cross motion. Here, plaintiffs cross-moved for partial summary judgment on their second cause of action, for fraudulent misrepresentation, but the court instead granted partial summary judgment to defendants dismissing that cause of action. "[A] misrepresentation of a material fact which is collateral to the contract and serves as an inducement to enter into the contract is sufficient to sustain a cause of action sounding in fraud" (*Introna v Huntington Learning Ctrs., Inc.*, 78 AD3d 896, 898). Even "misrepresentations included in brochures and other materials, and not in the contract itself, may constitute the basis of a cause of action sounding in fraud" (*id*. at 899; *see Board of Mgrs. of Marke Gardens Condominium v 240/242 Franklin Ave.*, *LLC*, 71 AD3d 935). Plaintiffs established their entitlement to partial summary judgment as a matter of law on their fraudulent misrepresentation cause of action, but defendants raised a triable issue of fact inasmuch as the conflicting affidavits of plaintiffs and Olinsky raise issues of credibility that can only be resolved by a trier of fact (*see Burgio v Ince*, 79 AD3d 1733, 1734-1735; *Harrington Group, Inc. v B/G Sales Assoc., Inc.*, 41 AD3d 1161, 1162). Additionally, contrary to the court's decision, the general language in the merger clause in the purchase offer "did not preclude the plaintiffs' claim of fraud in the inducement or the plaintiffs' use of parol evidence to establish their reliance upon certain representations made by the defendants' [real estate agent and Energy Star rater]" (*Lieberman v Greens at Half Hollow, LLC*, 54 AD3d 908, 909; *see Miller v Icon Group LLC*, 77 AD3d 586, 587). We therefore further modify the order accordingly.

Finally, the court also erred in granting judgment to defendants with respect to their counterclaim pursuant to CPLR 3212 (b) when in fact plaintiffs had cross-moved to dismiss the counterclaim. It is well settled that the doctrine of unclean hands may bar recovery where a party seeking such recovery "is guilty of immoral, unconscionable conduct" (*National Distillers & Chem. Corp. v Seyopp Corp.*, 17 NY2d

12, 15).  A party "seeking equity must do equity, i.e., he [or she] must come into court with clean hands" (*Pecorella v Greater Buffalo Press*, 107 AD2d 1064, 1065).  Here, the restrictive covenants provide, inter alia, that "[t]he premises shall be used exclusively for single family dwelling purposes and shall not be used or maintained as rental property."  Olinsky testified at his deposition, however, that he rented 4 Jordan Way, a house also subject to the restrictive covenants alleged by defendants in their counterclaim to have been violated by plaintiffs.  Olinsky therefore was also in violation of the restrictive covenants and was without "clean hands" (*Pecorella*, 107 AD2d at 1065; *see Kaufman v Kehler*, 25 AD3d 765).  Thus, we additionally modify the order accordingly.

We have considered defendants' contention on their appeal, i.e., that the breach of warranty claim against Olinsky should be dismissed, and conclude that it is without merit.

Entered:  September 30, 2011                    Patricia L. Morgan
                                               Clerk of the Court