■ LANA ROUTGAUZER, Appellant-Respondent, v 346 21ST STREET, LLC, Respondent-Appellant. [967 NYS2d 842]—In an action, in effect, to recover damages for breach of a contract for

the sale of real property and for specific performance of that contract, the plaintiff appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Sunshine, Ct. Atty. Ref.), dated May 25, 2011, as, upon a decision of the same court dated March 22, 2010, made after a hearing, is in favor of the defendant and against her dismissing so much of the complaint as sought an award of damages, and the defendant cross-appeals from the same order and judgment.

Ordered that the cross appeal is dismissed, without costs or disbursements, for failure to perfect the same in accordance with the rules of this Court (see 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's contention that the order of reference did not permit the Court Attorney Referee to determine the issue of whether the plaintiff was entitled to recover incidental damages is without merit. The plaintiff's complaint and the conduct of the hearing indicate that the order of reference, although ambiguous, was intended to include a claim of damages incidental to the plaintiff's equitable claim (cf. Allison v Allison, 28 AD3d 406, 406-407 [2006], cert denied 549 US 1307 [2007]).

Contrary to the plaintiff's alternative contention, under the circumstances, the Court Attorney Referee properly concluded that the plaintiff was not entitled to an award of damages (see Feeley v Midas Props., 221 AD2d 314, 314-315 [1995]; Perfetto v Scime, 182 AD2d 1126, 1126-1127 [1992]; cf. Cobble Hill Nursing Home v Henry & Warren Corp., 196 AD2d 564, 568 [1993]). Skelos, J.P., Angiolillo, Roman and Miller, JJ., concur.