THOMAS J. SIZER *vs.* RODNEY W. DANIELS and others.

A part of the members of a voluntary organization cannot bind the others without their consent before the act which it is claimed binds them is done, or they, with full knowledge of the facts, ratify and adopt it.

Although there are cases in which the act done is so clearly in furtherance of the object for which the association was organized, that all will be, presumptively, bound by it; yet when such is not the case, consent or ratification must be proved.

The defendants, or some of them, having been appointed a committee for the county of Erie, by the Republican county convention held in September, 1866, to attend to the organization of that party in said county, held a meeting, on the 4th of October, at which a preamble and a series of resolutions were adopted. The preamble recited that the committee had resolved to employ an agent to thoroughly organize the party in every election dis-

Sizer *v.* Daniels.

trict of the county. It was then resolved that whoever might be so employed should be required to devote his time to the service and accompanying duties, until one week àfter the next ensuing state election; and for such service the county committee should pay the sum of $1,750 to such agent, such sum to include all and every expense attending said organization, including the salary of the agent from date to the time designated, his traveling and board, and necessary printing of statistics. The 2d resolution required such agent to keep a record of his doings; to make a list of suitable men in every election district, to whom documents might be sent and with whom the committee could correspond, and who might be relied on to perfect local organizations and to attend the polls on election day, and who would pledge themselves to see that Republican voters performed their duties on such day, &c.; and that all such records of doings, and lists of names, should be kept in a book to be procured by the agent, for the purpose. By the 5th resolution, it was made the duty of the agent to make the party friends in every election district bear the expense necessary to carry on the elections in their respective districts. The plaintiff was appointed agent to carry into effect the object contemplated by these resolutions. He sent a letter to the committee, informing them that he accepted the appointment "with the express understanding that the compensation agreed to be paid him was for defraying expenses for which money was not prohibited by law to be contributed and paid, and that such other duties and services as he might perform were voluntary and gratuitous." The resolutions and the letter of acceptance constituted the contract between the parties. In an action thereon:

*Held,* 1. That the contract was that the committee would pay to the plaintiff the sum of $1,750 for the performance of such of the duties specified in the resolutions, and of such as the committee should require him, from time to time to perform, until one week after the election then to be held. That if there were any of the duties in the resolutions specified that were not in contravention of the statute, the plaintiff was entitled to recover. That it was for such duties, only, that by the contract he could demand pay.

2. That before there could be a violation of the provision of the statute, forbidding the contribution of money "for any other purpose, intended to promote the election of any particular person or ticket," there must be a candidate or ticket before the electors, to be voted for.

3. That the plaintiff was entitled to recover for any service performed by him, for the committee, under his contract, prior to the nomination of candidates, by the Republican party, in the fall of 1866.

4. That he was also entitled to recover for such duties performed by him after the nomination of candidates, as were provided for by the resolutions and not forbidden by the statute.

5. That it was not a violation of the statute for the plaintiff to keep a record of his doings under his appointment; nor to make a list of suitable men in every election district, to whom documents might be sent, and with whom the committee could correspond, who might be relied on to perfect local organizations.

6. That a compliance by the plaintiff with the requirements of the 5th resolution, that he should in every case endeavor to make the party friends, in every election district, bear the expense necessary to carry the elections in their respective districts, would be a violation of the statute; inasmuch as it would seem to contemplate raising money by bribery or other unlawful means, regardless, altogether, of the votes of the lawful voters. That it was intended, by the resolution, to provide for raising money in the election districts, to carry on the election; and even if that was the intention, it was unlawful.

7. That the plaintiff's contract was, in terms, with the county committee, but that only such of the members as voted for the resolutions were liable; unless those not voting had authorized the others to pass the resolutions, and agreed to be bound thereby.

8. That the termination of the term of office of the committee did not relieve them from liability. That those who made the contract were bound to see it performed; that the committee that was appointed to succeed the defendants never assumed any obligation to pay the plaintiff for his services, and they were not the successors of the defendants, in that sense that rendered them liable on the contracts of their predecessors.

9. That the case should have been submitted to the jury.

*Held*, also, that upon a second trial it might be proper to submit to the jury the question whether it was not the intention of the parties to evade the statute by enabling the plaintiff to get pay for services that were wholly illegal. And that, should they so find, it would be for the court then to determine what the effect of such a finding on the plaintiff's right to recover was; that is to say, whether the contract was wholly void, or only for so much as was done in violation of the statute.

APPEAL by the plaintiff from a judgment of nonsuit. The facts appear in the opinion.

*By the Court*, MULLIN, P. J. By section 6, subdivision 5, of part 1, title 7, chapter 6 of the Revised Statutes, it is made a misdemeanor "for any candidate for any elective office, with intent to promote his election, or for any other person with intent to promote the election of any such candidate, to contribute money for any other purpose intended to promote an election of any particular person or ticket, except for defraying the expenses of printing and the circulation of votes, handbills and other papers, previous to such election, or for conveying sick, poor or infirm electors to the polls."

The defendants, or some of them, were appointed a

committee for the county of Erie, by the Republican convention held in and for that county in September, 1866, to attend to the organization of that party, in said county. The committee thus appointed held office for a year, or until the appointment of a new committee. Soon after their appointment some of the committee held a meeting, on the 4th of October, at which a preamble and a series of resolutions were adopted. The preamble and first resolution are in these words:

"Whereas the Erie county Republican committee have resolved to employ an agent to thoroughly organize the party in every election district of the county; therefore Resolved, that whosoever may be so employed shall be required to devote his time to this service and accompanying duties, until one week after the state elections of this fall shall be finished, and for which service the county committee shall pay $1,750, which sum shall be paid to such agent, as fast as the same shall be collected by the committee, who will use all due diligence in collecting the same, and which sum of $1,750 shall include all and every expense attending said organization, including the salary of the agent from date to the time above designated, his traveling and board, and necessary printing of statistics, so that for this purpose the county committee shall not be called upon to make any further payment. Said moneys, when collected, shall be paid to said agent by the treasurer *pro rata*, as the time shall elapse and the duties be done."

The next resolution prescribed the duties of said agent, and is in these words:

"Resolved, that said agent shall keep a record of his doings in the premises, and shall also make a full and accurate list of suitable men in every election district in the county, to whom documents may be sent, and with whom the county committee can correspond, and who may be relied on to perfect local organizations and to attend the polls on election day, and who will

pledge themselves to see that Republican voters shall. perform their duties on such day, in such district, and perform such other duties as the county committee shall from time to time designate; and that all such records of doings and lists of names, shall be kept in a book or books which said agent shall procure at his own expense for the purpose.'' The rest of the resolution is not important.

By the third resolution it was made the duty of the agent to correspond with the secretary of the committee.

By the fifth resolution it was made the duty of the agent to make the party friends in every election district bear the expense necessary to carry on the elections in their respective districts.

The plaintiff was appointed agent to carry into effect the object contemplated by these resolutions, and a copy of them was delivered to him. Shortly after, he sent a letter to the committee, in which he informed them that he accepted the appointment '' with the express understanding that the compensation agreed to be paid me is for defraying expenses for which money is not prohibited by law to be contributed and paid, and that such other duties and services as I may perform are, as they have been in the past, voluntary and gratuitous.'' The resolution and the letter of acceptance constitute the contract between the parties.

The contract then is, that the committee will pay to the plaintiff the sum of $1,750 for the performance of such of the duties specified in the resolutions, and of such as the committee should require him from time to time to perform, until one week after the election soon thereafter to be held.

If there are any of the duties specified in the resolutions that are not in contravention of the statute, the plaintiff is entitled to recover. It is for such duties, only, that by the contract he can demand pay.

The statute forbids the contribution of money ''for

any other purpose intended to promote the election of any particular person or ticket." Before there can be a violation of this provision, there must be a candidate or ticket before the electors, to be voted for. If this is not the proper construction of the statute, then all moneys paid by delegates to the convention for nominating candidates, for traveling expenses, and for hotel bills are prohibited, and the persons paying them are liable to fine or imprisonment for making such payment. The views of Brown, J., in *Hurley* v. *Van Wagner*, (28 *Barb.* 109,) as to the construction of this statute, are in my opinion entirely correct.

It follows that the plaintiff was entitled to recover for any service performed by him, for the committee, under his contract, prior to the nomination of candidates by the Republican party in the fall of 1866.

He was also entitled to pay for such duties as he performed after the nomination of candidates as were provided for by the resolutions and not forbidden by the statute.

It was not a violation of the statute for the plaintiff to keep a record of his doings under his appointment; nor to make a list of suitable men in every election district to whom documents might be sent, and with whom the committee could correspond, who might be relied on to perfect local organizations.

The performance of the duties could not have any tendency to improperly influence voters to attend or stay away from the election, nor in the selection of the candidate for whom, or ticket for which, they should vote. On the contrary, it was a proper method of arriving at the names of persons to whom the statute permits "hand-bills and other papers" to be sent previous "to any such election."

Compliance by the plaintiff with the requirements of the 5th resolution, that he should, in every case, endeavor to make the party friends in every election dis-

trict bear the expense necessary to carry the elections in their respective districts, would be a violation of the statute. If it expresses truly the intention of those who adopted it, it would seem to contemplate raising money to carry the election by bribery or other unlawful means, regardless altogether of the votes of the lawful voters.

It matters very little when an attempt was made to raise money to accomplish such a purpose; it would be illegal and corrupt. The resolution, I have no doubt, was intended to provide for raising money in the election districts to carry on the election. But even if that was the intention it was unlawful.

What other duties were imposed upon him we do not know, except so far as is shown by the plaintiff's report of his proceedings to the committee. It is not pretended that he neglected to perform any duty assigned him; nor but that he earned the money agreed to be paid him.

On the next trial of this cause it may be proper to submit the question to the jury whether it was not the intention of the parties to evade the statute by enabling the plaintiff to get pay for services that were wholly illegal. Should they so find, it will be for the court then to determine what the effect of such a finding on the plaintiff's right to recover is; that is to say, whether the contract is wholly void, or only for so much as was done in violation of the statute.

The plaintiff's contract is in terms with the county committee, but only such of the members as voted for the resolutions under which the plaintiff was employed are liable; unless those not voting had authorized the others to pass the resolutions, and agreed to be bound thereby. A part of the members of a voluntary organization cannot bind the others without their consent before the act which it is claimed binds them is done,

There are cases, doubtless, in which the act done is so clearly in furtherance of the objects for which the association was organized that all will be presumptively bound by it. When such is not the case, consent or ratification must be proved. The termination of the term of office of the committee did not relieve them from liability. Those who made the contract were bound to see it performed. The committee that was appointed to succeed the defendants never assumed any obligation to pay the plaintiff for his services, and they were not the successors of the defendants, in that sense that rendered them liable on the contracts of their predecessors. (*Flemyng* v. *Hector*, 2 *Mees. & Welsb*. 172. *Reynell* v. *Lewis*, 15 *id*. 519.)

The case should have been submitted to the jury.

A new trial is granted, with costs to abide event.

New trial granted.

