## SUPREME COURT.

### WILLIAM D. MURPHY agt. WILLIAM H. ENGLISH.

*Election law — Action — Contract to compensate a person to speak in public and advocate the election of a person to office, not a violation of the statute imposing penalties for violation of election laws — 1 R. S. (6th ed.), 452, section 6.*

By statute of this state, imposing penalties for violation of election laws, it is a misdemeanor for any candidate for an elective office, with intent to promote his election, or for any other person in his behalf, to furnish entertainment or money to procure or compensate voters, or to contribute money for any other purpose intended to promote an election of any particular person or ticket (1 *R. S.* [*6th ed.*], 452, *sec.* 6), except for defraying the expenses of printing and the circulation of votes hand-bills and other papers previous to any such election, or for conveying sick poor or infirm electors to the polls.

In an action to recover compensation for making certain speeches in the state of Indiana, under an alleged employment by defendant, the defendant set up as a defense in his answer that "the alleged contract was and is against the policy of the common law, repugnant to the constitution and laws of the United States, against public policy, and void. On demurrer to this defense:

*Held,* that no authority had been found to show that it is an offense at common law for a candidate for a national office, who could not personally present his individual views of national policy over a wide area of constitutency, to employ and compensate a person for that purpose:

*Held,* further, that the pleadings not showing when the alleged contract was made, but all agreeing that it was to be fully performed in the state of Indiana, and there being no averment in the answer that the alleged contract is void by the law of that state, that fact cannot be assumed, and the penal statutes of this state have no extra territorial jurisdiction.

*Special Term, February*, 1883.

IT is alleged in the complaint in this action that the defendant, who was the nominee of the national democratic party for vice-president, on or about August 29, 1880, employed the plaintiff to speak in public in defendant's behalf and advocate his election to office throughout the state of Indiana;

Murphy agt. English.

that plaintiff went from this state, where he then resided, to Indiana, and from September 4 to October 12, 1880, made twenty-five speeches in different places in that state in pursuance of such employment; that his services were reasonably worth the sum of $1,000, upon account of which he has received $100; that he has also paid out for traveling expenses $280. He asks judgment for $1,180, with interest.

The defendant in his answer denies the employment, and all the substantive facts alleged in the complaint. He admits that plaintiff addressed some public meetings in Indiana, but avers that the speeches made were poor and not worthy of compensation. That plaintiff spoke of his own desire and in his own interest; that the alleged contract was and is against the policy of the common law, repugnant to the Constitution and laws of the United States, against public policy, and void.

To this last and separate defense the plaintiff demurs.

*T. C. Ecclesine,* for plaintiff.

*Algernon S. Sullivan,* for defendant.

LARREMORE, *J.*— By statute of this state, imposing penalties for violation of election laws, it is a misdemeanor for any candidate for an elective office, with intent to promote his election, or for any other person, in his behalf, to furnish entertainment or money, to procure or compensate voters, or to contribute money for any other purpose intended to promote an election of any particular person or ticket, except for defraying the expenses of printing and the circulation of votes, hand-bills and other papers previous to any such election, or for conveying sick, poor or infirm electors to the polls (1 *R. S.* [*6th ed.*], 452, *sec.* 6.). This statute was the subject of judicial interpretation in *Walker* agt. *Jackson* (5 *Hill,* 27), in which it was held that a "log cabin," which was used to promote the success of a particular candidate, by furnishing entertainment for voters, was a violation of its provisions. This decision, sustained by the court of errors,

in the face of a large dissenting vote (7 *Hill*, 387), was followed in *Hurley* agt. *Van Wagner* (28 *Barb.*, 109), and *Sizer* agt. *Daniels* (66 *Barb.*, 426), with a distinct utterance that its doctrine should not be extended.

No authority has been cited to show that it is an offense at common law for a candidate for a national office, who could not personally present his individual views of national policy over a wide area of constituency, to employ and compensate a person for that purpose.

The pleadings do not show where the alleged contract was made, but entirely agree that it was to be fully performed in the state of Indiana. There is no averment in the answer that the alleged contract is void by the law of that state, and that fact cannot be assumed.

Penal statutes of this state have no extra territorial jurisdiction (*Commonwealth of Kentucky* agt. *Bassford*, 6 *Hill*, 526; *Ormes* agt. *Hauchy*, 82 *N. Y.*, 443).

If the contract in question was void under the law of the state of Indiana, that should have been pleaded as a fact, and issue taken thereupon.

The plaintiff is entitled to judgment upon this demurrer, with leave to the defendant to amend his answer.