CHARLES ROSENBLUM et al., Appellants, *v.* EDWARD M. FRANKEL, Respondent, et al., Defendants.

First Department, November 13, 1951.

*Sidney G. Kingsley* of counsel (*Charles L. Sylvester* with him on the brief; *Sylvester & Harris,* attorneys), for appellants.

*Henry W. Holzman* of counsel (*M. Emanuel Kaiser* with him on the brief; *Kaiser, Holzman & Justin,* attorneys), for respondent.

VAN VOORHIS, J.  The complaint has been dismissed against defendant Edward M. Frankel, on his motion, due to the illegality of part of the business of the alleged joint venture of which plaintiffs seek an accounting.  The joint adventurers are alleged to have been the three plaintiffs Rosenblum and the defendants Frankel and Greene. The subject matter of the venture, as stated in the complaint, consisted of two Virgin Islands corporations and a business known as Stuart Lloyd Co. of which the plaintiff Charles Rosenblum was originally the sole proprietor.  The answer pleads by way of defense that prior to the time when plaintiffs claim the joint venture was formed, and during its continuance, Stuart Lloyd Co. was engaged in the wholesale liquor business in the city and State of New York, that its liquor license and renewals thereof were issued upon applications by Charles Rosenblum stating that he was the sole person interested in that business, and that said representations became false from and after the organization of this joint venture, if it is a joint venture.  The reply admits most of these allegations.  By reason thereof, defendants have thus far contended successfully under *Carmine* v. *Murphy* (285 N. Y. 413), *O'Connor* v. *O'Connor* (263 App. Div. 820, affd. 288 N. Y. 579), *Sturm* v. *Truby* (245 App. Div. 357), and similar cases, that the entire joint venture alleged in the complaint is necessarily illegal, and that plaintiffs Rosenblum cannot compel defendants Frankel and Greene to account for assets of the enterprise in their possession or control.

If the business of this joint enterprise were confined to the sale of intoxicating liquor for beverage purposes in New York State, and if the object in entering into it were to enable a liquor business to be conducted in the interest of persons undisclosed to the State Liquor Authority, it may well be that under the cases cited the courts would leave the parties where it finds them, declining to intervene in their affairs.  The complaint should not be dismissed, however, unless the legal part of the business of the joint venture became so interwoven with whatever part may have been illegal that it is impossible to separate them.  Courts endeavor to enforce contracts against a defense of illegality, unless an illegal taint affects the transactions on account of which the court is to be set in motion (*Zwirn* v. *Galento*, 288 N. Y. 428; *Sizer* v. *Daniels*, 66 Barb. 426).

Although no New York decisions have been cited or found which are exactly in point, the English case of *Knowles* v. *Haughton* (11 Ves. Jr. 168) held that an action would lie for an accounting of brokerage transactions between partners engaged in

underwriting and brokerage against a defense that the partnership was illegal, although a partnership was prohibited by an English statute from engaging in underwriting. The High Court of Chancery dismissed so much of the bill as sought an accounting of the underwriting business, but directed an accounting of all other business of the partnership. In *Anderson* v. *Powell* (44 Iowa 20) a suit for an accounting between partners was defended on the ground that the partnership was formed for the illegal purposes of occupying a gambling house and selling intoxicating liquors. The court held that an accounting would lie of such part of the business of the partnership as was legal, if there were any, and if it were severable from the illegal portions. The opinion stated that it will be the court's " province to determine on the trial, from the character of the property, the nature of the liabilities, and the like, whether the legal branches of the business are so blended with the illegal that a settlement and accounting cannot be had. If a part of the business be legal, and a part illegal, an account of that which is legal may be directed. Parsons on Partnership 9, note *h.*" (p. 23.)

We consider that to be the correct rule applicable to this case. No illegality has been charged with respect to the inclusion of the two Virgin Islands corporations in this alleged joint venture and, insofar as Stuart Lloyd Co. is concerned, a trial is necessary, in order to determine whether the liquor business which it carried on within New York State in alcoholic beverages is severable from the large transactions in industrial ethyl alcohol that are alleged to be the principal object of this accounting. Agency or brokerage transactions in industrial alcohol do not appear to be subject to regulation by the State Liquor Authority. (Alcoholic Beverage Control Law, § 2.) Neither do the regulatory powers of the State Liquor Authority extend to international transactions, even in alcoholic beverages, except sales for domestic consumption in New York State (*During* v. *Valente*, 267 App. Div. 383). Assuming, as the answer and reply appear to require, that sale of liquor for human consumption in New York State was at all times part of the business of Stuart Lloyd Co., the public policy of the State nevertheless allows an accounting between joint adventurers with respect to such international transactions in alcoholic beverages as would be beyond the regulatory powers of the State Liquor Authority under *During* v. *Valente* (*supra*), and with respect to agency or brokerage transactions in nonbeverage alcohol or other commodities which may not be subject to its jurisdiction.

The order granting the motion by defendant Edward M. Frankel to dismiss the complaint should be reversed, with $20 costs and disbursements, and said motion should be denied.

The other order under review denies upon reargument plaintiffs' application for an injunction *pendente lite* enjoining certain defendants from receiving certain funds claimed to be the property of this joint enterprise, and from transferring or encumbering or destroying assets, books or records of several concerns alleged to have been employed by defendants Greene and Frankel as vehicles for the misappropriation of assets of the joint enterprise. It appears that plaintiffs' application for such an injunction would have been granted by Special Term except for the contention that the entire joint venture was illegal. We think, for reasons above stated, that this order should be reversed and plaintiffs' application granted for an injunction *pendente lite.* Such a disposition will tend to preserve the *status quo* except, of course, to the extent that it may have been altered prior to this decision.

The order denying plaintiffs' application for a temporary injunction should be reversed and said application granted. Settle order on notice.

Dore, J. P., Cohn, Callahan and Shientag, JJ., concur.

Order denying plaintiffs' motion for temporary injunction unanimously reversed, with $20 costs and disbursements to appellants, and the motion granted. Order granting the motion of the defendant, Edward M. Frankel, to dismiss the complaint, unanimously reversed, with $20 costs and disbursements to appellants, and the motion denied. Settle order on notice. [See *post,* p. 733.]