## (December 28, 1966)

■ In the Matter of SAM HABER, HERBERT A. SULSKY and IRWIN E. SIMENOWITZ, Attorneys, Respondents. SAMUEL GREASON, Petitioner.— In this proceeding to discipline three attorneys, respondents have moved to disaffirm the report of the Justice of the Supreme Court to whom the matter had been referred to hear and report; and petitioner has moved to confirm the report. Prior to 1959 Landon Zuckerman and respondent Haber were law partners. In 1959 investigation proceedings were instituted against them. In 1960 the partnership employed respondent Sulsky (admitted to the Bar on October 26, 1949) and respondent Simenowitz (admitted to the Bar on June 18, 1958). On July 12, 1961 disciplinary proceedings were instituted against Zuckerman and Haber. On September 25, 1961 the matter was referred to a Special Referee, who held hearings on 14 days between June 11, 1962 and August 15, 1963, at which time the hearings were closed. Sulsky had been continuously employed by the firm. Simenowitz left in May, 1963, but returned in October, 1963. On November 11, 1963 Zuckerman and the three respondents, as successors to the firm conducted by Zuckerman and Haber, entered into a partnership agreement, the making of which is the basis of the present proceeding. The agreement provided that (a) in the successor firm the share of Zuckerman and Haber was 40% each, Sulsky 12½%, and Simenowitz 7½%; (b) Zuckerman and Haber were to receive $500 a week each; Sulsky $225 a week; and Simenowitz $150 a week; (c) if for any reason Zuckerman and Haber should be unable to practice law, voluntarily or involuntarily, they shall each receive $250,000, payable $25,000 a year each for four years in weekly installments and $10,000 a year each for 15 years in weekly installments; the shares of the surviving partnership of Sulsky and Simenowitz shall be 50% each; both the latter shall be jointly and severally liable to Zuckerman and Haber for such payment of $250,000 each; and insurance policies on the lives of Sulsky and Simenowitz shall be obtained, payable to Zuckerman and Haber, to insure payment of the $250,000 each. The agreement was to be effective January 1, 1964. On November 18, 1963 the disciplinary proceedings against Zuckerman and Haber were reopened and closed. On November 25, 1963 letters were sent to the clients of the Zuckerman and Haber partnership asking that consent be given that their cases be handled by the new partnership of Zuckerman, Haber, Sulsky and Simenowitz. On July 27, 1964 the Special Referee filed his report, dated June 6, 1964, in the disciplinary proceedings against Zuckerman and Haber. On September 9, 1964 petitioner moved to confirm the Referee's report in part and to disaffirm the report in part. On December 23, 1964 this court adopted instructions to attorneys suspended from practice, effective January 1, 1965. By order dated March 3, 1965 and entered March 11, 1965, Zuckerman was disbarred and Haber was suspended for five years, both effective April 9, 1965. Thereafter the Zuckerman, Haber, Sulsky and Simenowitz partnership sent letters to clients of the firm advising them that, effective April 9, 1965, Zuckerman and Haber would retire from member-

ship in the firm and from the practice of law and that Sulsky and Simenowitz would continue to practice law from the present location and offices; and requesting the clients to consent to the substitution of Sulsky and Simenowitz as attorneys in order to avoid any interruption in the orderly processing of their respective files. On May 26, 1965 a hearing was held before the Judicial Inquiry with respect to the partnership agreement of November 11, 1963. On June 22, 1965 disciplinary proceedings were recommended. On July 19, 1965 this court directed the institution of disciplinary proceedings against the present three respondents. On November 22, 1965 the matter was referred to a Justice of the Supreme Court to hear and report. On March 31, 1966 the said Justice duly filed his report. In our opinion, the evidence adduced warranted the following findings made by the Justice in his report of March 31, 1966: (a) that when respondent Haber entered into the November 11, 1963 partnership agreement he intended to circumvent and nullify the possibility of adverse consequences from the disciplinary proceeding then pending; and (b) that respondents Sulsky and Simenowitz in signing that agreement intended to, and did, aid and abet Zuckerman and respondent Haber in that intention. We confirm those findings and hold further that the conduct of the respondents in entering into this agreement was highly improper, since it was palpably designed to thwart judicial control over the privilege of membership at the Bar of this State. On other aspects of the evidence adduced, we find that Zuckerman and respondent Haber were the prime movers in contriving this agreement and would have been the chief beneficiaries of its terms and provisions, if performed. We take this factor into consideration in the disposition of this matter. We hold further that this type of agreement has not been previously passed upon by this court and we now formally condemn it. It is contrary to public policy. Insofar as it was intended to operate herein, it has been abrogated and is no longer enforcible. The objectionable features of the agreement have not been implemented. In mitigation of the offense, we find: (a) This is the only transgression by Simenowitz and Sulsky of which the court has been made aware; (b) the agreement was brought to our notice because of written inquiry made directly to the court by Simenowitz and Sulsky, in which they asked for advice concerning the procedures to be followed by them as successors in the larger partnership; (c) so far as the court is aware, no benefit has accrued to Zuckerman, previously disbarred, and Haber, previously suspended for five years; and (d) no client or other person has been shown to have suffered damage or loss by reason of the execution of the agreement. In view of the foregoing, we direct that a public censure be administered to Irwin E. Simenowitz and Herbert A. Sulsky. Since Sam Haber is already under suspension for five years, no further punishment is presently imposed, but this offense may be considered upon his application for reinstatement as an attorney and counselor at law. Christ, Hill and Rabin, JJ., concur; Beldock, P. J., and Benjamin, J., dissent and vote to disbar all three respondents, with the following memorandum: We agree with the majority that the findings of the reporting Justice should be confirmed. It is inescapable that the motivation for entering into this partnership agreement, in the imminent hour of disciplinary action against Zuckerman and Haber, was to create a continuing entity in which Zuckerman and Haber would still continue to hold a dominant interest in their law practice, in the event of disbarment or suspension, and thus avoid the necessity of returning the office files to the clients for them to choose other counsel in the event of such disciplinary action. The contract which envisioned a payment of $500,000 over a 19-year period necessarily contemplated a continued relationship and interest in the practice of the law by Zuckerman and Haber, since they would continue to get paid out of the

earnings of the business long after any accruals to them by way of *quantum meruit* could possibly exist. This necessarily implied a continuing interest by disbarred or suspended lawyers in the practice of law. We consider this agreement so evil in nature and so deliberate in purpose to frustrate the impact of any disciplinary action affecting Zuckerman and Haber that we disagree with the majority's recommendation that a public censure is adeqaute punishment for such misconduct. Where, as here, a seemingly ingenious scheme to subvert the normal and orderly operation of an impending disciplinary order of the court is entered into, it is our view that any punishment short of disbarment is inadequate. We dissent and vote to disbar all three respondents — Haber, Sulsky and Simenowitz.