■ WILLIAM SIMMONS et al., Appellants, v LLOYD BENN et al., Respondents. — In an action, *inter alia*, for an accounting, plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated March 12, 1982, as (1) denied their motion to disaffirm a referee's report, and (2) dismissed the complaint. Order reversed insofar as appealed from, with costs, plaintiffs' motion to disaffirm the referee's report granted, and matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith. The parties stipulated in open court that plaintiff William Simmons was a general partner of defendant Lloyd Benn, doing business as Mr. Pinch Cocktail Lounge, that said plaintiff owned a 50% equity interest in the business and that the plaintiffs were entitled to an equitable judicial accounting. Thereafter, defendants submitted an accounting and plaintiffs filed objections thereto. The Supreme Court ordered a hearing before a referee for the purpose of determining the efficacy of the objections. At the outset of the hearing, the parties stipulated that the referee would hear and determine the issues. Defendant Lloyd Benn was the only witness to testify at the hearing. He testified that on the application to the State Liquor Authority for a liquor license he concealed William Simmons' half interest in the bar and grill, allegedly because William Simmons had a criminal record. During the cross-examination of Lloyd Benn, the referee raised, *sua sponte*, the issue of unclean hands, and suspended the hearing so that the parties could submit memoranda on the issue of whether plaintiffs were barred from proceeding by the doctrine of unclean hands. Subsequently, and without taking further testimony in the matter, the referee issued his decision in which he found, *inter alia*, that plaintiffs were not entitled to any relief and determined that the complaint should be dismissed. Plaintiffs moved at Special Term to disaffirm the referee's report. Plaintiffs' attorney submitted a supporting affidavit and a memorandum of law in which he asserted that the referee's finding of unclean hands was improper since it was based solely upon the testimony of a witness hostile to plaintiffs and they had not been afforded the opportunity to cross-examine the witness on the issue. Plaintiffs' position, in essence, was that they were unfairly denied the opportunity to show that

William Simmons was less culpable than Lloyd Benn, and that, in any case, the doctrine of unclean hands would not bar them from an accounting of their interest in that part of the business which was not tainted by the illegal application for the liquor license. Initially, we note that the referee had the power to raise the issue of unclean hands, *sua sponte,* as a matter of public policy, to protect the integrity of the proceedings. (See *Farino v Farino,* 88 AD2d 902; *Janke v Janke,* 47 AD2d 445, affd 39 NY2d 786; *Palumbo v Palumbo,* 55 Misc 2d 264.) However, Special Term erred in dismissing the complaint where the plaintiffs were not afforded the opportunity to cross-examine defendant Lloyd Benn on the issue of whether or not the parties were *in pari delicto,* or to present their own testimony on that issue. (Cf. *Selly v Port of N. Y. Auth.,* 36 AD2d 861.) We remit this action to Special Term for further proceedings on this issue. When such proceedings are held, plaintiff should also be afforded the opportunity to show whether there is a legal aspect of the business which is severable from the illegal aspect; if so, plaintiffs may be entitled to equitable relief on part of their claims. (Cf. *Janke v Janke, supra; Rosenblum v Frankel,* 279 App Div 66.) Mollen, P. J., Titone, Bracken and Brown, JJ., concur.