■ MERLE R. HASKINS, Appellant, v ROBERT THOMAJAN, Respondent. — In an action to impose a constructive trust upon a certain piece of property, plaintiff appeals from an order of the Supreme Court, Nassau County (Pantano, J.), entered September 29, 1982, which denied her motion to vacate an order granting, without opposition, defendant's motion to dismiss the complaint. Order affirmed, with costs. Plaintiff met defendant when she was hired as a paralegal in his new law firm. In August, 1977, after the institution of divorce proceedings between defendant and his wife, the parties, who had developed "a close personal relationship", elected to purchase a $215,000 house with the intention of residing there together. The parties agreed that plaintiff would put up $21,500 as the down payment and take sole title in her maiden name. On or about March 29, 1978, however, after a stipulation of divorce was arrived at with his wife, defendant reimbursed plaintiff for the down payment and obtained a quitclaim deed from her for (as he represented to her) income tax purposes. When the romance cooled and defendant forced plaintiff to vacate the premises, the latter commenced this action in March, 1981, on the ground that the parties had orally agreed that each would hold an equal interest in the property. On June 19, 1981, defendant moved to dismiss the complaint for failure to state a cause of action. This motion was adjourned at plaintiff's request to July 13, 1981, but a peremptory marking was placed on the adjournment. On July 13, 1981, plaintiff requested a further adjournment but the court apparently granted the motion without opposition in view of the peremptory marking and, on July 21, 1981, entered the order dismissing the complaint. A year later, by order to show cause dated July 21, 1982, plaintiff moved to vacate the default, contending that defendant's motion to dismiss was erroneously marked final and that her son's car accident on May 23, 1981 and subsequent hospitalization until June 30, 1981 prevented her from assisting counsel in responding to defendant's motion. Special Term denied the motion on the ground that the excuse offered lacked merit. Although defendant's motion to dismiss the complaint should not have been marked peremptorily against plaintiff, we find that, under the circumstances of the case, the motion to vacate was properly denied. We agree with Special Term that the excuse tendered for the default was totally inadequate. If plaintiff's son was in fact hospitalized until June 30, 1981, it hardly explains a full year's delay in seeking vacatur of the dismissal order. Furthermore, as to the merits, it is noted that plaintiff seeks to invoke the discretionary and equitable powers of the court. Yet she has suffered no out-of-pocket loss. Moreover, plaintiff joined with defendant in a concerted effort to conceal his ownership of this property from his wife until after the stipulation of divorce was executed. It is well

established that she who seeks equity must come to the court with clean hands (see *Levy v Braverman,* 24 AD2d 430; 2 Pomeroy, Equity Jurisprudence [5th ed], § 397). Titone, J. P., O'Connor, Weinstein and Rubin, JJ., concur.