Aronin, J.
(dissenting). The issue presented here is whether a tenant of an illegal apartment in a two-family house illegally occupied by three families has a right to sue for reimbursement of rents paid based on a claimed breach of warranty of habitability pursuant to Real Property Law § 235-b.
A landlord cannot maintain an action for rent against a tenant in a two-family house illegally occupied by three families in violation of section 325 (2) of the Multiple Dwelling Law (Corbin v Harris, 92 Misc 2d 480). Nor can a tenant who illegally occupies such a premises in violation of Multiple Dwelling Law § 325 (2) maintain an action for rent voluntarily paid. (Bridge Hardware Co. v Mayer, 131 NYS2d 823.)
The warranty of habitability (Real Property Law § 235-b) provides no basis to create a tenant’s right to maintain an action for rent paid in an illegal three-family dwelling. Rather, the warranty of habitability contemplates a legal lease (see, Baxter v Captain Crow Mgt., 128 Misc 2d 254, 262).
The majority’s reliance on Park W. Mgt. Corp. v Mitchell (47 NY2d 316) does not support a cause of action for reimbursement of rent in an illegal landlord-tenant relationship. The Court of Appeals in Park W. (supra), merely recognized the right of a former tenant to recover money for a percentage reduction of the contract for rent in a legal landlord-tenant relationship based on Real Property Law § 235-b. In so doing, it recognized that a lease is more akin to the purchase of shelter, rather than a conveyance of land, and that, therefore, the law of sales with its implied warranty of fitness (UCC 2-314) "provides a ready analogy” (supra, at 324) that is better suited than the outdated law of property to determine the respective obligations of landlord and tenant. Following this logic, there is no implied warranty of fitness recognized in the UCC for a "hot” product; or an illegal sale; nor should there be, by "ready analogy” a cause of action based on an implied *16 warranty of habitability for an illegal apartment. Plainly, there is simply no basis in law to recognize a cause of action for rent paid in an unlawful landlord-tenant relationship.
There is no basis in equity or sound public policy to recognize a tenant’s right to recover rent voluntarily paid based on an illegal landlord-tenant relationship. A court of equity will refuse affirmative aid to a litigant who comes into court with unclean hands such as where the litigant seeks affirmative relief based on an illegal contract or other illegal conduct. The denial of affirmative relief under such circumstances is a matter of public policy to protect the integrity of the courts, as well as a disability to the litigant with unclean hands (Tepfer v Berger, 119 AD2d 668, 669; Pecorella v Greater Buffalo Press, 107 AD2d 1064, 1065; Haskins v Thomajan, 99 AD2d 463, 464; Simmons v Benn, 96 AD2d 507, 508; Farino v Farino, 88 AD2d 902, 903).
Monteleone, J. P., and Scholnick, J., concur; Aronin, J., dissents in a separate memorandum opinion.