■ EUNICE BROWN, Individually and as Administratrix of the Estate of RICHARD C. BROWN, Deceased, Respondent, v MICHELIN TIRE CORPORATION et al., Appellants, et al., Defendants. [611 NYS2d 594] —In a wrongful death action, the defendants Michelin Tire Corporation and Pittsburgh & New England Trucking Co., Inc., appeal from an order of the Supreme Court, Queens County (Di Tucci, J.), dated May 11, 1992, which denied their separate motions to dismiss the complaint pursuant to CPLR 3126.

Ordered that the order is reversed, on the law and as a matter of discretion, with one bill of costs, the motions are granted, and the complaint is dismissed insofar as it is asserted against the appellants.

The instant matter arises out of a fatal one-truck accident which occurred on July 7, 1977. The owner and operator of the vehicle and trailer, RSJ Leasing Corp. (hereinafter RSJ), and Butkewich Trucking Corp. (hereinafter Butkewich) removed the wreckage to property owned by Ralph St. John, the principal of both RSJ and Butkewich. Thereafter, the plaintiff sued, *inter alia,* the appellants, RSJ, and Butkewich. Butkewich and RSJ also began a separate action against Pittsburgh & New England Trucking Co., Inc.

The plaintiff's former counsel had the wreckage inspected by an Automobile Accident Consultant, William Weinstein, who was also retained by St. John. Former counsel and current counsel together received at least two written and one oral report from Weinstein on the condition of the vehicle. Thereafter, St. John consistently maintained that he did not have, never had control of, and never inspected the vehicle or trailer. The plaintiff's counsel also maintained that the plaintiff never conducted an inspection of the vehicle or trailer, and stood silent in the face of St. John's clear untruths, especially the contention that St. John had never had control of the wreckage, which the plaintiff's counsel knew to be untrue.

Some 10 years later, at an examination before trial, St. John revealed that he had kept certain parts of the vehicle and trailer. At this time the plaintiff's examinations of the wreckage through Weinstein, and Weinstein's reports, were also revealed. By this time, however, Weinstein had died, and important components of the vehicle, such as the steering

mechanism, were missing. As a result of St. John's deceptions, the complaint and cross claims brought by Butkewich and RSJ were dismissed. The appellants then moved to dismiss plaintiff's complaint pursuant to CPLR 3126, for willfully failing to disclose information which should have been disclosed.

Contrary to the motion court's findings, we find that the record establishes that the plaintiff's counsel's concealment of the fact that Weinstein had inspected the wreckage was willful within the meaning of CPLR 3126. Counsel's sworn statements in affidavits and in bills of particulars were untrue, and counsel stood silent in the face of flatly false statements made by St. John regarding the wreckage.

Had the plaintiff's counsel not affirmatively misled the appellants, the appellants could have deposed Weinstein on the particulars of his observations of the wreckage (see, Cepin v Cepin, 66 AD2d 764; Rosario v General Motors Corp., 148 AD2d 108). By interpreting through their own experts what Weinstein had seen, the appellants may have been able to build a defense to the instant complaint. For example, Weinstein described a breakage in the steering mechanism, and opined that this could be the "root cause" of the accident. Yet, the appellants discontinued their third-party cause of action against the manufacturer and seller of the vehicle due to their belief that no such cause of action could be proven absent the vehicle or some evidence of its condition. The inability to depose Weinstein also forecloses the possibility of proving any defenses which may have been brought to light as a result of Weinstein's observations as they may have been interpreted by the appellants' experts.

A court may dismiss an action where a plaintiff "wilfully fails to disclose information which the court finds ought to have been disclosed" (CPLR 3126), even where, as here, the plaintiff violated no prior court order (see, Wolfson v Nassau County Med. Ctr., 141 AD2d 815). We find dismissal to be necessary here due to the plaintiff's counsel's willful conduct, and the irreparable injury done to the appellants' ability to defend.

Finally, we note that the plaintiff's invocation of the doctrine of laches, due to the appellants' alleged delay in bringing the motion to dismiss, is unavailing here, because the plaintiff has suffered no prejudice due to the delay (see, Glenesk v Guidance Realty Corp., 36 AD2d 852, 853; Reynolds v Snow, 10 AD2d 101, 111, affd 8 NY2d 899), and the plaintiff's counsel

does not come to the court with "clean hands" *(see, Haskins v Thomajan,* 99 AD2d 463, 464). Mangano, P. J., Thompson, Joy and Friedmann, JJ., concur.