[723 NYS2d 676]

In the Matter of SELWYN KARP, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 16, 2001

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse,* Brooklyn, for petitioner.

*Meissner, Kleinberg & Finkel, L. L. P.,* New York City (*Ronald M. Kleinberg* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing one charge of professional misconduct. The Special Referee sustained the charge after a hearing. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent's counsel has submitted an affirmation in support of the Grievance Committee's motion to confirm and requests that the Court impose only the sanction of a censure upon the respondent.

The charge alleges that the respondent is guilty of professional misconduct in that he has been convicted of a serious crime and has thereby violated Code of Professional Responsibility DR 1-102 (a) (4), (5) and (8) (now [7]) (22 NYCRR 1200.3 [a] [4], [5], [7]). On April 26, 1999, the respondent pleaded guilty in the Supreme Court, New York County, before the Honorable Bernard J. Fried, to the crime of commercial bribing in the second degree, a class A misdemeanor, in violation of Penal Law § 180.00. He was sentenced to a conditional discharge and a $1,000 fine.

As there was no factual issue to be resolved at the hearing, the Special Referee properly sustained the charge based upon the respondent's conviction of a serious crime, and the motion to confirm the report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the aberrational nature of his act of misconduct and the absence of any evidence that he was motivated by a desire to enhance either the settlement value of the case for which the bribe was paid or his own financial circumstances.

The respondent further cites his good works in the community, including his participation in the establishment of a Yeshiva, the expansion of his synagogue, his work with recovering schizophrenics and drug addicts, and his service as a *pro bono* arbitrator for more than 20 years.

The respondent's disciplinary history consists of an admonition, dated March 11, 1987, for neglecting a legal matter entrusted to him; a letter of caution, dated April 23, 1990, for failing to promptly deliver client funds upon request; an admonition, dated May 22, 1991, for failing to obtain clients' informed agreement to a fee contract; a personally-delivered admonition, dated June 11, 1991, for neglecting an estate; and

an admonition, dated September 20, 1991, for filing a baseless lawsuit to harass the complainant.

Under the totality of circumstances, the respondent is suspended from the practice of law for three years.

BRACKEN, P. J., O'BRIEN, ALTMAN, KRAUSMAN and SCHMIDT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Selwyn Karp, is suspended from the practice of law for a period of three years, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of that period upon furnishing satisfactory proof that during that period (a) he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Selwyn Karp, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.