Alan Glinkenhouse et al., Appellants, v Selwyn Karp, Respondent. [877 NYS2d 88]—

In an action, inter alia, to rescind a purchase agreement, as amended, as illegal and in violation of public policy, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Austin, J.), dated October 3, 2007, which denied their motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs Alan Glinkenhouse and Philip Floumanhaft are former law partners of the defendant Selwyn Karp. The plaintiff Alan Queen is a current law partner of Glinkenhouse and Floumanhaft. On March 31, 1999, Glinkenhouse, Floumanhaft, Karp, Queen, and another individual entered into a written agreement (hereinafter the purchase agreement) whereby the defendant withdrew from the partnership, transferred his interest therein to a successor law firm composed of the plaintiffs and nonparty Stephen N. Silver, and retired. Pursuant to that agreement, the plaintiffs and Silver agreed to pay the defendant the total sum of $1,200,000 in installments, payable over a period of eight years.

On April 26, 1999, the defendant pleaded guilty to commercial bribing in the second degree, a class A misdemeanor, and by decision and order on motion of this Court dated July 29, 1999, he was suspended from the practice of law pending conclusion of a disciplinary proceeding. At the conclusion of the disciplinary proceeding, by decision and order of this Court dated April 16, 2001, he was suspended from the practice of law for a period of three years from the date of that decision and order (see Matter of Karp, 282 AD2d 127 [2001]).

Meanwhile, the plaintiffs continued to pay the defendant pursuant to the terms of the purchase agreement. On December 28, 2004, the parties executed an amendment to the purchase agreement whereby the plaintiffs agreed to pay the defendant the sum of $219,000 in January 2005, and continue to make other specified expenditures for the benefit of a third party, and the defendant agreed that if all those payments were made, he would acknowledge that "he has been paid in full under the terms" of the purchase agreement. Pursuant to the purchase agreement, as amended, the defendant received a total sum of $1,090,449.

In October 2006 the plaintiffs commenced this action to rescind the purchase agreement, as amended, as illegal and in violation of public policy, and to recoup the amount paid to the defendant. After issue was joined, the plaintiffs moved for summary judgment, contending, inter alia, that they were not aware until 2006 that the purchase agreement, as amended, was illegal and violated public policy. They did not contend that they were not aware of the defendant's suspension from the practice of law. The defendant cross-moved for summary judgment dismissing the complaint on the grounds, among other things, that the purchase agreement, as amended, was legal, that having reaped the benefits thereof the plaintiffs could not now seek

to rescind it, and that ignorance of the law was not a valid basis for their causes of action.

In the order appealed from, the Supreme Court denied the plaintiffs' motion and granted the defendant's cross motion for summary judgment dismissing the complaint (*see Glinkenhouse v Karp*, 17 Misc 3d 1107[A], 2007 NY Slip Op 51862[U] [2007]). We affirm.

A lawyer retiring from the private practice of law may sell a law practice, including good will (*see* Code of Professional Responsibility DR 2-111 [22 NYCRR 1200.15-a]), and may agree to a restrictive covenant restricting his or her right to practice law, in exchange for retirement benefits (*see* Code of Professional Responsibility DR 2-108 [22 NYCRR 1200.13]). A disbarred or suspended attorney may not share in any fee for legal services during the period of his or her removal from the bar (*see* 22 NYCRR 691.10 [b]). However, the attorney may be compensated on a quantum meruit basis for legal services rendered and disbursements incurred prior to the effective date of the disbarment, suspension order, or resignation, in an amount determined by the court (*see id.*). In determining the amount of compensation in quantum meruit, the court may consider an agreement between the parties but is not bound by it (*see Padilla v Sansivieri*, 31 AD3d 64 [2006]). In the instant case, the plaintiffs did not seek a judicial determination of the value of the defendant's services in quantum meruit.

If the purchase agreement, as amended, compensated the defendant for services performed after his suspension went into effect, it was illegal (*see* 22 NYCRR 691.10 [b]; *Matter of Haber*, 27 AD2d 576 [1966], *affd* 23 NY2d 763 [1968], *cert denied* 394 US 975 [1969]). However, where parties enter into illegal bargains, the courts generally do not grant relief (*see Melius v Breslin*, 46 AD3d 524, 527 [2007]; *Bonilla v Rotter*, 36 AD3d 534 [2007]; *Rosenblum v Frankel*, 279 App Div 66, 67 [1951]). Since the plaintiffs paid the defendant in full pursuant to the agreement, as amended, and there are no allegations of fraud and/or misrepresentation by the defendant, to the extent that it was illegal, if at all, the plaintiffs are not entitled to any relief.

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.